## DILL v. CITY OF RISING STAR.*
### (No. 624–4139.)

(Commission of Appeals of Texas, Section A.
March 4, 1925.)

1. **Municipal corporations ⊗⇒958 — Before amendment of law, city not required to mail notice before suing for taxes.**

A city, prior to suit for taxes commenced before amendment by Acts 2d Called Sess. 1923, c. 13, § 1, of Acts 1915, c. 147, § 1, as amended by Acts 2d Called Sess. 1919, c. 64, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 7687a), was not required to mail notice; Rev. St. 1911, arts. 7683–7700, making no provision for such notice; and article 7687a (part of Acts 1915 and 1919) providing for such notice, having, prior to amendment of 1923, related solely to tax collectors of counties and to state and county taxes.

2. **Municipal corporations ⊗⇒980(3)—Current tax roll and delinquent tax record prima facie proof of regularity of taxes.**

In view of Rev. St. 1911, arts. 7693, 7699, articles 7685, 7692 are made applicable to cities, so that, in action by city for delinquent taxes, the current tax roll and delinquent tax list, prepared by city council and certified to as correct by the mayor, make a prima facie case as to regularity of assessing and levying the taxes.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the City of Rising Star against J. M. Dill. Judgment for defendant was reversed by the Court of Civil Appeals (259 S. W. 652), and defendant brings error. Affirmed.

J. L. Alford, of Rising Star, and D. K. Scott, of Cisco, for plaintiff in error.

M. J. Smith, M. McCullough, and Burkett, Orr & McCarty, all of Eastland, for defendant in error.

GERMAN, P. J. The city of Rising Star filed this suit in the district court of Eastland county, Tex., December 19, 1922. The purpose was to recover of J. M. Dill taxes for the year 1921, on property situated in the city of Rising Star, together with interest, penalties, costs, etc., amounting to $130.99, and to foreclose lien against said property. It was alleged that said taxes had been duly and legally levied and assessed, and defendant had made default in payment of same; that all legal steps with reference to reporting and advertising same as delinquent had been complied with. The trial court denied the city a recovery, but the Court of Civil Appeals reversed the case and rendered judgment in favor of the city. Two main contentions are presented by plaintiff in error, Dill, a determination of which disposes of the case. They are:

First. That the giving of notice to Dill 90 days before the filing of suit was a necessary prerequisite to the filing of the suit, and that no such notice was given to him.

Second. That the defendant in error failed to make out a prima facie case entitling it to recover, because it failed to prove the levy of the taxes claimed to be due by proper ordinance of the city council.

[1] The giving of notice as required by what is designated as article 7687a of the statutes, in a suit to collect state and county taxes, is a prerequisite to the right of the state to a foreclosure, as was directly held in the case of Hunt v. State, 110 Tex. 204, 217 S. W. 1034. If this article had application to the suit of the city of Rising Star in its effort to collect city taxes, then this puts an end to the present case, as the trial court found that no proper notice as required by the statute was given. We have concluded, however, that this article had no application, at the time this suit was instituted, to cities and towns in proceedings to collect their taxes.

The authority given by the Legislature to cities and towns for the collection of delinquent taxes is found in chapter 15 of title 126, Revised Statutes of 1911, being chapter 103 of the General Laws of 1897. This chapter furnishes a complete and adequate method for the bringing of tax suits. What is now referred to as article 7687a was first passed as part of an independent act in 1915, being chapter 147 of the Acts of the Thirty-Fourth Legislature. It was amended in 1919, the amendment being chapter 64 of the Acts of the Thirty-Sixth Legislature. These acts do not purport to amend the prior law, but create entirely new provisions with reference to mailing notices to delinquent owners of taxes due. There has been no authorized codification of the statutes since the passing of these acts, and those who have made compilations of the statutes, without authority of the Legislature, have for convenience designated that part of the act of 1919 which provides for mailing notices as article "7687a." These acts relate solely to the duties of the tax collector of the counties of the state, and to state and county taxes, and there is not an intimation that they are to be applicable to cities and towns, or that cities and towns may take advantage of them in proceedings to enforce the collection of delinquent taxes. These two acts of the Legislature were again amended in 1923, as shown by chapter 13 of the Acts of the Second Called Session of the Thirty-Eighth Legislature, and certain provisions were made applicable to cities and towns and school districts. In the present instance, the taxes accrued and suit was filed prior to the amendment of 1923. Chapter 15 of title 126, Revised Statutes of 1911, under which the city of Rising Star was authorized to proceed, had no pro-

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied April 29, 1925.

visions with reference to mailing notice prior to suit, and we therefore conclude that this contention is without merit.

[2] As to the second contention: In making out its case in the trial court, defendant in error offered in evidence the following: The portion of its current tax roll in which was listed the property of plaintiff in error, and the amount of taxes against same; delinquent tax record showing property of plaintiff in error and the amount due thereon; inventory from the assessor's office, being inventory sheet of plaintiff in error's property and his rendition thereof; personal proof of the amount of delinquent taxes, and that same were still due and unpaid; proof of publication of delinquent tax list, including the property of plaintiff in error and the amount due thereon. No proof was made of any ordinance making levy of taxes for the year 1921.

Municipal corporations must of course make levy of taxes by ordinance in the manner provided by statute. Masterson v. Town of Hedley (Tex. Civ. App.) 265 S. W. 406; Vance v. Pleasanton (Tex. Civ. App.) 261 S. W. 457, and authorities cited. In the present instance, defendant in error having failed to make proof of proper ordinance levying the taxes sued for, it had no right to recover unless the introduction of the current tax roll and the delinquent tax record made a prima facie case as to the regularity of assessing and levying the taxes. This depends upon whether or not certain provisions of articles 7685 and 7692 of the Revised Statutes of 1911 are applicable to cities and towns. The articles referred to provide that at certain named times the tax collectors of each county of the state shall prepare a list of all lands delinquent or sold to the state for taxes, showing the amount of taxes due, the name of the owner, the property upon which the taxes are unpaid, and the year or years for which the same are delinquent, which list is to be corrected, certified to, and recorded. The statute (article 7685) then provides:

"The list for each county, when certified to by the county judge, and assessment rolls and books on file in the tax collector's office, shall be prima facie evidence that all the requirements of the law have been complied with by the officers charged with any duty thereunder, as to the regularity of listing, assessing, levying of all the taxes therein mentioned, and reporting as delinquent or sold to the state any real estate whatsoever, and that the amount alleged against said real estate is a true and correct charge."

Article 7693, which was section 11 of the original enactment, provides:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter."

By article 7699 it is provided that in incorporated cities and towns the city council may prepare the list of delinquents in the manner as provided for in article 7685, and when such list has been certified to as correct by the mayor, the council may direct the city attorney to file suit in the district court for recovery of the taxes. This article was section 16 of the original act.

A study of these provisions convinces us that it was the intention of the Legislature that when a delinquent list was prepared by the city council, and certified to as correct by the mayor, it was to be given exactly the same effect as the delinquent list prepared by the county tax collector and certified to by the county judge. The evident purpose of such a list was to furnish a convenient and reliable method of making proof of all the different steps necessary in listing, assessing, and levying taxes. In making the provisions of the chapter applicable to cities and towns, it was manifestly intended to make applicable every provision necessary to a speedy and effective method of collecting the delinquent taxes due.

In this case plaintiff in error did not attempt to show that there was anything whatever irregular or wrongful in connection with the levying or assessing of the taxes for 1921. He claimed that a part of the taxes was intended to take care of certain sewer warrants, which he thought ought not to have been issued, and he tendered and offered to pay the taxes levied and assessed for all other purposes. He offered no proof whatever that the sewer warrants were wrongfully issued. We think the city by the proof above referred to made a prima facie case as to the taxes claimed to be due. If there had been anything wrong with the levy or assessment, plaintiff in error should have shown it by allegations and proof.

Complaint is made also that the city failed to show that it was authorized by law to levy the taxes claimed to be due, which amounted to 1½ per cent. of the taxable value of the property assessed. By section 1 of chapter 9, Acts 1921 (Vernon's Ann. Civ. St. Supp. 1922, art. 925), putting into effect an amendment to the Constitution, it is provided that any city or town in this state of 5,000 population or less, may levy, assess, and collect taxes not to exceed 1½ per cent. of the taxable property of the city or town, and there is no doubt but what the city was proceeding under this act.

Plaintiff in error attacks the constitutionality of article 7689a, passed by the Second Called Session of the Thirty-Eighth Legislature (chapter 13, § 6), which limits the defenses in suits for collection of delinquent taxes. The Court of Civil Appeals relied upon this article to sustain its position, because it adopted the theory that the law requiring giving of notice 90 days before filing suit was applicable. That court also held

that by reason of his tender plaintiff in error had waived his right to take advantage of the failure to give notice. As indicated by what we have stated above, the law with reference to giving notice not being applicable, the judgment of the Court of Civil Appeals is correct, and may be sustained without reference to article 7689a; therefore it is wholly unnecessary to discuss the question of waiver or the constitutionality of said article.

The contention that the delinquent tax list did not sufficiently describe the property is without merit. Plaintiff admitted owning the property described, and that part of the taxes were due and unpaid, and besides, such list contained such description as we think the law contemplates.

Without approving much of the opinion of the Court of Civil Appeals, having reached the conclusion that its judgment is correct, we recommend that it be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.