J.

# The Attorney General
## of Texas

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

April 11, 1939

Hon. Pat Beadle
Criminal District Attorney
Clarksville, Texas

Dear Sir:

Opinion No. 0-612
Re: Based upon the record as revealed
by the minutes of such city coun-
cil, is the ordinance attempting
to levy a poll tax for the city
a valid ordinance of the City of
Clarksville in view of Article
1033?

Your request for an opinion on the above stated question has
been received by this office.

We quote from your letter as follows:

"The minutes of a city council of the city of Clarksville,
Texas, reveal that on August 17th, 1931, after the amendment of
Article 1030, the said city council attempted to levy a poll tax
upon the inhabitants of said city. Such minutes reflect that
this ordinance purposing to levy a poll tax upon the inhabitants
of said city was passed at a meeting at which only four members
of the city council were present. The Mayor also was present,
according to such record. At that time the city of Clarksville
had eight elected aldermen. The record does not reveal how
the members of the council who were present voted upon the ques-
tion, but merely states that such ordinance was passed at said
meeting."

Articles 1030, 1031, 1032 and 1033 of the Revised Civil Statutes
of Texas read as follows:

"Art. 1030. The City Council shall have power to
levy and collect an annual poll tax, not to exceed One
($1.00) Dollar of every inhabitant of said city over the
age of twenty-one (21) and under sixty (60) years, those
persons exempt by law from paying the State Poll Tax
excepted, who is a resident thereof at the time of such
annual assessment.

"Art. 1031. The city council shall have the power to levy and collect taxes, commonly known as licenses, upon trades, professions, callings and other business carried on; and each person and firm engaging in the following trades, professions, callings and business, among others, shall be liable to pay such license tax; every person or firm keeping a ball alley, or nine or ten-pin alley; every person or firm selling goods, wares and merchandise at public auction; every merchandise or cotton broker or commission merchant; every person or firm pursuing the occupation of hawker or peddler of goods or any article whatever; but this enumeration shall not be held to deprive the city council of the right to levy and collect other license taxes, and from other persons and firms under the general authority herein granted.

"Art. 1032. Nothing herein shall prevent the city council from collecting the license, and each license tax provided for by this title. Each establishment shall be liable to said license tax; and any person or firm pursuing occupations, business, avocations or calling subject to said tax shall pay on each. No license shall extend to more than one establishment, or include more than one occupation, avocation, business or calling.

"Art. 1033. The city council shall have power to provide by ordinance for the assessing and collecting of said taxes, and to determine when taxes shall be paid by corporations, and when by the individual incorporators. No tax shall be levied unless by consent of two-thirds of the aldermen elected."

If the statutes delegating the taxing power to a municipality prescribe the manner or mode by which it shall be exercised, the prescribed manner and mode must be at least substantially pursued. The statutes give to cities and towns operating under the general law authority to pass such ordinances as may be deemed proper to the levying, laying, imposing, assessing and collecting of taxes. In municipalities operating under the general law taxes must be levied by ordinance, as distinguished from motion or resolution. The statutes provide that no tax shall be levied unless by consent of two-thirds of the aldermen elected which means that two-thirds of the members of the city council elected must be present and vote for the ordinance levying the tax at the time it is passed. Dill vs. City of Rising State, 269 SW 769, Rachford vs. City of Port Neches, 46 SW 2nd 1057, Celaya vs. City of Brownsville, 203 SW 173, Tex. Jur., Vol. 30, p. 481.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that no poll tax or any other tax shall be levied by the city council except by consent of two-thirds of the aldermen elected and that the ordinance of the City of Clarksville, Texas, attempting to levy a city poll tax is invalid and of no legal effect, unless such tax was levied by consent of two-thirds of the aldermen elected.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:AW:ds

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS