**CORBETT v. STATE et al.**

No. 11238.

Court of Civil Appeals of Texas. Galveston.

July 10, 1941.

Rehearing Denied July 31, 1941.

J. S. Bracewell and J. S. Bracewell, Jr., both of Houston, for plaintiff in error.

E. G. Aycock, of Fort Worth, for defendants in error.

MONTEITH, Chief Justice.

This is an appeal by writ of error from a default judgment rendered in the district court of Brazoria County against plaintiff in error, Mrs. Ella M. Corbett, in a suit instituted by the State of Texas, for itself and for the use and benefit of Brazoria County and certain political subdivisions thereof, to recover from plaintiff in error and other parties at interest delinquent taxes, penalties, interest and costs of suit, and to foreclose alleged constitutional and tax liens upon 11 tracts of land located in Brazoria County, Texas, separately described in plaintiff's petition.

For convenience, the parties hereto will be referred to as appellant and appellee.

Appellee's suit was instituted for the use and benefit of all political subdivisions of Brazoria County whose taxes were collected by the assessor and collector of taxes of said county. In appellee's petition, appellant Mrs. Ella M. Corbett, and all lienholders and holders of mineral interests, are named as parties defendant. It is alleged that defendants were indebted to plaintiff in the sum of $1,873.79, according to the schedules therein set out; that the lands in question were situated in Brazoria County and within the boundaries of each political subdivision in whose behalf the suit was brought. Said lands, together with the total sum of the taxes, penalties, interest, and costs due up to the date of the filing of the petition on each separate tract of land, and the respective years for which they were delinquent, were set out and described therein. The schedule on each of the 11 tracts gives the aggregate amount of taxes due thereon broken up into a certain amount for each year. It alleges that said taxes accrued and were taxed against said property in the manner and form required by law; that they were authorized by law, and that each political subdivision in whose behalf the suit was brought was legally constituted and authorized to levy, assess, and collect said taxes and that all of said taxes were duly and legally levied and assessed against said property and the owners thereof, if known. Plaintiff asserted its prior constitutional and statutory tax lien on each tract of land to secure the payment of all of said taxes; and alleged that the attorney signing the petition was authorized to bring the suit. The prayer was for citation, for judgment against defendants for the total amount of said taxes, with all penalties and costs authorized by law, with foreclosure of tax lien against each tract of land.

Service was had on all parties to the suit, including appellant, Mrs. Ella M. Corbett, who did not file an answer.

The judgment of the trial court recites that the plaintiff introduced in evidence the inventory sheets, assessment rolls and delinquent tax records of Brazoria County.

Judgment was rendered in behalf of the State of Texas, for Brazoria County, and for all parties in whose behalf the suit was filed, against all parties defendant for the full amount alleged to be due as delinquent. The judgment apportioned the aggregate amount of taxes against each tract, but did not apportion the sum as between the various taxing agencies. It established and foreclosed a lien against all parties defendant and rendered a personal judgment by default against the appellant, Mrs. Ella M.

Corbett, for the full sum of $1,868.33 of such taxes, and authorized the issuance of execution.

There is no statement of the facts introduced in the trial court outside of the recitations in the judgment in the record, therefore, in the absence of fundamental error, we must rely upon an examination of the pleadings and the judgment of the court in passing on the correctness of its judgment.

It is the settled law in this state that upon appeal every reasonable presumption must be indulged in favor of the judgment of the trial court. It must be presumed that the court based his findings upon the evidence presented, and that such evidence was sufficient to sustain all of the findings made, and in the absence of a statement of facts, as in the instant case, it must be presumed that every material fact alleged in the petition was proved upon the trial, unless there is an affirmative showing to the contrary.

Our courts have also uniformly held that the decrees of a district court entered in suits to foreclose tax liens are supported by all the presumptions which uphold judgments of domestic courts of such jurisdiction. Gamble et al. v. Banneyer, Tex.Com. App., 151 S.W.2d 586; State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950.

It is recited in the judgment of the trial court that appellee introduced in evidence the inventory sheets, assessment rolls, and delinquent tax records of Brazoria County; that the property (referring to the eleven tracts of land in question) was situated within the territorial limits of Brazoria County, Texas, and the several political subdivisions of said county in whose behalf judgment was rendered, naming them, and that such property "was so situated upon the dates upon which such taxes were assessed", and that appellant was duly and lawfully indebted to the State, Brazoria County, and each of the political subdivisions in whose behalf suit was instituted, upon each of the eleven tracts of land described, in the sum alleged in plaintiff's petition to be due on each of said tracts.

Article 7326, Revised Statutes of 1925, provides in part that: "All delinquent tax records of said county in any county where such suit is brought shall be prima facie evidence of the true and correct amount of taxes and costs due by the defendant or defendants in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as evidence thereof."

Article 7336, Revised Statutes, as amended, Vernon's Ann.Civ.St. art. 7336, provides in part: "Said list, as compiled by the Assessor and Collector of Taxes, and corrected by the Commissioners' Court, or the rolls or books on file in the office of the Assessor and Collector of Taxes, shall be prima facie evidence that all the requirements of the law have been complied with by the officers of courts charged with any duty thereunder, as to regularity of listing, assessing, and levying of all taxes therein set out, and that the amount assessed against said real estate is a true and correct charge. If the description of the real estate in said list or assessment rolls or books is not sufficient to identify the same, but there is a sufficient description of the inventories in the office of the Assessor and Collector of Taxes, then said inventories shall be admissible as evidence of the description of said property."

Under above statute the introduction by plaintiff of the evidence recited in the judgment, including the inventory sheets, assessment rolls, and delinquent tax records made a prima facie case as to every material fact necessary to the establishment of plaintiff's cause of action.

Article 7328.1 of Vernon's Ann.Civ.St. was styled "An Act to simplify proceedings in delinquent tax suits". It provides for a simplified form of petition in suits for collection of delinquent taxes and for a simplified description of both real and personal property sought to be foreclosed upon. It provides further, that the provisions of the act shall be cumulative of and in addition to all other rights and remedies to which taxing units are now entitled and expressly repeals all laws in conflict therewith.

Section 1 of said act provides, in effect, that the petition shall contain allegations that the State of Texas brings the suit in behalf of itself, a certain county, and for the use and benefit of all political subdivisions whose taxes are collected by the assessor and collector of taxes for said county; that it shall give the names of the defendants and the counties of their residence, and that they claim some interest in the land in controversy; that as to each tract separately assessed it shall recite that there are delinquent taxes justly due, owing and unpaid against the property, describing it, for certain years, giving the amounts

due, the years for which it is delinquent, to whom it was assessed, if known, the amount of the assessments, and the total amount of penalties, interest, and costs provided by law.

It provides that the petition shall recite that all said taxes were authorized by law and that each political subdivision in whose behalf the suit is brought was legally constituted and authorized to levy, assess and collect the same, and all of said taxes were duly and legally levied and assessed against said real property and the owners thereof (if known), and plaintiff now has and asserts a lien on each tract of real property described and mentioned above to secure the payment of all taxes, penalties, interest and costs due thereon; and that all things required by law to be done have been duly and legally performed by the proper officials; that all of said real estate was at the time said taxes were assessed located within the boundaries of the county and each political subdivision in whose behalf this suit is brought.

Section 3 of said Act provides, in effect, that the prayer to any such petition having for its purpose the collection of taxes shall be sufficient if it prays for judgment for the total amount of said taxes, together with all penalties, interest, costs and other charges and expenses that may be or become legally due and owing, together with foreclosure of the tax lien against the real estate in question securing the amount against each tract of real estate therein described.

Section 6 of said Act provides that "all of the provisions of this act simplifying the collection of delinquent State and County taxes, are hereby made available for, and when invoked shall be applied to, the collection of delinquent taxes of all municipal corporations and political subdivisions of this State or any county thereof, authorized to levy and collect taxes."

■ ■ While the petition in the instant case does not allege what portion of the taxes due each political subdivision in whose behalf the suit was filed was levied for bond purposes and what portion of said taxes was levied for maintenance purposes, and there is no evidence in the record showing the result of an election authorizing the political subdivisions of Brazoria County to levy and collect the delinquent taxes sought to be recovered, said Article 7328.1 does not require such allega-

tion in the petition in a tax suit, and in the absence of a special exception or some defensive issue imposing upon plaintiff the necessity of supplying this information, the allegations of the petition were, we think, sufficient, since they follow the exact language of said statute prescribing the form thereof. Further, it has been held that the presumption of a valid levy and assessment of taxes arising from the introduction of the delinquent tax records and the delinquent tax lists, under the provisions of said Articles 7326 and 7336, presupposes that the capacity to levy and assess taxes has been acquired as a result of the necessary election, and that all steps essential to the validity of the levy had been taken. Crocker v. Santo Consolidated Independent School District, Tex.Civ.App., 116 S.W.2d 750.

■ Appellant contends that the judgment in the instant case in favor of the several taxing agencies must necessarily apportion the amount of the taxes in the judgment in order that defendants in the suit may pay the respective amounts due such agencies.

As above stated, Section 1(c) of said Article 7328.1 provides that the only information necessary to allege in a tax suit is the total amount of taxes due all the parties in whose behalf the State files suit. The petition in the instant case contains the identical language prescribed by the statute and, in the absence of special exceptions, it is, we think, sufficient.

Appellant complains of the action of the trial court in rendering a personal judgment against Mrs. Ella M. Corbett without either alleging that Mrs. Corbett rendered the property for taxation or that she owned property on the first day of January of each year for which the taxes were levied, or that she had assumed the payment of said taxes.

■ The petition in the instant case specifically alleged that the defendant was indebted to each of the parties in whose behalf the suit was instituted for taxes on each of said eleven tracts of land, and the court having rendered judgment in the amount alleged, it must be presumed that the proof supported this allegation.

■ As to appellant's contention that there is no positive averment as to which of the named defendants owned the property, plaintiff's petition alleged that "the defendant, Mrs. Ella M. Corbett, is the

present record owner of the fee simple title in and to all of the land hereinabove described", and that "the defendant (is) * * * liable for the full amount of said taxes, penalties, interest and costs."

In the absence of a showing that appellant has been deprived of such rights as were reasonably calculated to cause and probably did cause the rendition of an improper judgment, or a showing of any injury resulting to her from alleged errors of law in its rendition, the judgment of the trial court must be in all things affirmed.

Affirmed.