### STONE v. CITY OF DALLAS.
#### No. 2995.

Court of Civil Appeals of Texas. Waco.
Dec. 13, 1951.

Rehearing Denied Jan. 10, 1952.

Finklea & Finklca, Dallas, for appellant.

H. P. Kucera, City Atty., H. Louis Nichols, Asst. City Atty., John C. Ford, Asst. City Atty., Dallas, for appellee.

TIREY, Justice.

The City of Dallas, a home rule city, brought this suit in the Justice Court against appellant for delinquent taxes, interest and penalties in the sum of $100.45, due on personal property consisting of automobiles owned by appellant for the years 1930 to 1945, inclusive, save and except the years 1934, 1935, 1937 and 1944, inclusive. The assessments were on unrendered personal property.

The defendant answered to the effect that he was not the owner of an automobile on the first of January of the years 1930, 1931, 1933, 1936 and 1938. He prevailed in the Justice Court and the City of Dallas appealed to the County Court at Law No. 1 of Dallas County. The court overruled both appellant's and appellee's motions for instructed verdict, and the jury in its verdict found substantially that defendant did not own an automobile on January 1, 1930, 1931, 1933, 1936 and 1938; that defendant was not the same L. C. Stone listed on the city tax rolls for the years 1930 and 1931; that defendant was the same L. C. Stone listed on the city tax rolls for the year 1938. Appellant filed motion for judgment, which was overruled. Appellee filed motion for judgment non obstante veredicto for the amount of $100.45, and in the alternative for $41.41. The court overruled plaintiff's motion for judgment non obstante veredicto, but granted plaintiff's motion for judgment based "on the jury verdict and undisputed evidence" to cover taxes, penalties and interest for the years 1939, 1940, 1941, 1942, 1943 and 1945, in the amount of $41.41, together with legal interest and costs of suit. Plaintiff and defendant excepted to the judgment entered and thereafter seasonably filed motions for new trial, which were overruled, to which both plaintiff and defendant excepted, and defendant perfected his appeal to the Dallas Court of Civil Appeals and the cause was transferred to our court by order of the Supreme Court.

Appellant assails the judgment of the court on seven points. Points 1, 2, 3 and 4 in effect assail the plan of the City of Dallas for assessing and collecting personal property ad valorem taxes on unrendered automobiles whose owners are residents of the City of Dallas on the ground that such plan is unlawful, arbitrary, discriminatory and a violation of Article VIII, Sec. 1 of the Constitution of Texas, Vernon's Ann.St., and the 14th Amendment to the United States Constitution, and that such system is not equal and uniform. These contentions are without merit and are overruled. A statement is necessary.

A judgment of $41.41 was entered against appellant for taxes (and includes penalties and interest) accruing on his automobiles for the years 1939, 1940, 1941, 1942, 1943 and 1945. Appellee in its brief says: "The evidence, insofar as these years are concerned, is undisputed. The appellant admitted residing in the City of Dallas during that period of time, he admitted owning an automobile on January 1st for each of those years, he further admitted that he did not render the automobile for taxes, and that he had never paid any taxes on automobiles of the years in question. In addition, he admitted that he had never appeared before the Board of Equalization to question the tax assessment made by the Tax Assessor on his automobile. Since the automobiles had not been rendered for taxation by the appellant as is required by the charter of the City of Dallas, the Tax Assessor was

required to render such property for taxation and place such valuation thereon as he may deem to be just. In rendering these automobiles for taxes, the Tax Assessor adhered to the following procedure. Each year he obtained from the County Tax Collector a list of automobiles which had been registered and licensed in Dallas County, and from this list he prepared a list of automobiles and the owners thereof residing within the City limits of Dallas, and from this list a tax assessment roll on automobiles was prepared. The Tax Assessor then placed a valuation on these automobiles in accordance with a uniform method applied to all automobiles on the tax roll. In determining this value, the evidence showed that the Tax Assessor used as a preliminary guide a book known as "The Official Used Car Dealers Guide", which listed the market value of various automobiles according to make, year, and model. Using these values as a guide, the Tax Assessor then placed a value on each automobile according to its make, year, and model, such value not being the same value listed in the used car dealers' guide. According to the undisputed evidence, the Tax Assessor did not use the figure in the used car dealers' guide as the value of the automobile. (here we insert the exact words of the Assessor: "We use the value in that book as a basis to arrive at a value and he takes, perhaps, 50 per cent of that book value for the gross value for the assessing purposes and, then, we reduce that to an assessable—what we call the assessment value—maybe, using 65 per cent of that.") This value adopted by the Tax Assessor as the value of these automobiles was, in the opinion of the Tax Assessor, the reasonable value of such automobiles. After the assessment roll had then been prepared by the Tax Assessor, it was submitted to the Board of Equalization for its review. The Board of Equalization then issued notices and conducted public hearings, and after having equalized the taxes for each year in question, submitted the tax roll to the City Council for its approval and for the assessment of taxes for each of the years in question. After appellant's taxes became delinquent, they were placed on the delinquent tax roll which was prepared each year in the manner provided for by the charter of the City of Dallas and the Statutes of the State of Texas. The appellee introduced in evidence a certified copy of the delinquent tax roll insofar as it applied to the appellant, and also introduced in evidence certified copies of the current tax roll for each of the years in question. No evidence was offered by the appellant to show that his automobiles had been valued differently from other similar automobiles located in the City of Dallas, nor was any evidence offered to show that appellant's automobiles were valued at more than their true market value in money. There is no evidence in the record which would indicate that the method used by the City of Dallas in rendering for taxes the appellant's automobiles resulted in any injury to the appellant. Nor was there any evidence introduced which would have shown that the appellant would have paid less taxes if another method of rendition had been adopted by the City.

The foregoing statement is not challenged by appellant in his brief and we believe it presents an accurate summary of the controlling facts in this case.

Appellant testified in part: "Q. Have they assessed your car for more than it is worth? A. Chances are, they have. Q. For which years? A. I don't recall which years."

The City of Dallas has been a home rule city since 1907. Section 189 of the City Charter provides: "All property, real and personal, shall be rendered for taxation by the owner thereof or his agent, as provided by the laws of the State for the rendition of property for assessment by the County, insofar as applicable; * * * It shall be the duty of the Assessor and Collector to value each and every item of the property so rendered in accordance with the fair market price thereof upon a basis of valuation to be applied alike to all taxpayers, * * *."

Section 187 of said Charter provides: "The Assessor and Collector of taxes shall assess all property which for any cause has not been rendered, placing such valuation

thereon as he may deem just. If the owners of such property are unknown, such assessment may be made in the name 'unknown'."

The foregoing provisions were construed in the case of the City of Dallas v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 1 S.W.2d 497. The court there held in effect that since the Railway Company did not render the property in question for taxation for any of the years in suit, the Assessor and Collector of such City had the power under the Charter provisions to render the same for taxes. This case was later reversed in Tex.Com.App., 16 S.W.2d 292 on a point not pertinent here.

Section 188 of the Charter provides: "No irregularity in the time or manner of making or returning the City assessment rolls or the approval of such rolls shall invalidate any assessment."

Section 190 of the Charter provides: "The said Board shall convene as near as practicable on the 15th day of June and continue its labors until its said work is complete, but not to continue longer than the 15th day of July following. It shall be the duty of the governing body, as soon as the assessment rolls are completed, to refer the same to the Board of Equalization, whose duty it shall be to equalize the taxes assessed on said rolls and to make all necessary correction and adjustment to that end; * * *."

Section 191 of the Charter provides in effect that any person aggrieved by any act of the Assessor and Collector of Taxes in making up the assessments or in the valuation of property for taxing purposes shall have the privilege of making complaint to the Board of Equalization and to appeal to said Board for revision and correction of the matter upon which the complaint is based. In the case at bar appellant failed to perform any duty required of him by the City with reference to rendering his automobile for taxes for the years in which he was adjudged to have been in default.

Section 207 of the Charter provides, among other things, as follows: " * * *. and no irregularity in the manner of levying or assessing taxes shall invalidate the same unless it appears from affirmative proof that such irregularity operated injuriously to the taxpayer attempting to avoid the payment of such tax."

We think each of appellant's complaints have been answered adversely to him by the opinion in City of Longview v. Citizens National Bank, Tex.Civ.App., 294 S.W. 313, writ ref. on October 5, 1927, which makes this opinion of equal dignity with opinions of the Supreme Court—See "Notations on Applications for Writs of Error" by Gordon Simpson, Texas, Bar Journal, December 1949. Needless to say that the charter provisions are controlling insofar as the Assessor and Collector of taxes by the City of Dallas is concerned, and since the charter of such city is an act of the legislature of the State of Texas, the appellant was charged with knowledge of the charter provisions and was bound to comply with the requirements of such charter provisions if he desired to contest the assessments made against him. Since the appellant was a resident of the City of Dallas and owned an automobile on January 1st of the years that he was so taxed, as found by the judgment of the trial court, and since he wholly failed to comply with the provisions of the city charter of the City of Dallas, in that he failed to render his property for taxes as it was his duty to do, and thereafter failed to protest the assessments made against him, he is now precluded from so doing. The rule is that the decisions of taxing boards in the matter of valuations are quasi-judicial in their nature, and in the absence of fraud or other obvious violations of the law, such decisions are not subject to collateral attack; nor will such valuations be set aside merely by the showing that same are in fact excessive. If a Board fairly and honestly endeavors to fix a just valuation for taxing purposes, a mistake on its part under such circumstances is not subject to review by the courts. See State v. Houser, 138 Tex. 28, 156 S.W.2d 968, points 3 and 6, at page 970 and cases there collated. See also opinion of this court in Tekell v. City of Cleburne, 176 S.W.2d 588. It is our view that appellant wholly failed to tender an issue to the effect that the taxing plan used by

the City of Dallas in arriving at the value of defendant's automobile for the years for which judgment was rendered was arbitrary, discriminatory and not uniform, or that such plan violated any provision of our State or Federal Constitution, and wholly failed to show that the values placed thereon by the City were excessive, or that he had been injured by the plan used by the City of Dallas in assessing taxes. See Zachary v. City of Uvalde, Tex. Com.App., 42 S.W.2d 417; Smith v. City of Austin, Tex.Civ.App., 212 S.W.2d 947; Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282. Since appellant failed to point out wherein he had suffered any injury by virtue of the taxing plan used by the City, he cannot litigate a mere theory. See Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ.App., 85 S.W.2d 776; Druesdow v. Baker, Tex.Com.App., 229 S. W. 493; Gonzales v. State, Tex.Civ.App., 81 S.W.2d 180; Zachary v. City of Uvalde supra; Victory v. State, 138 Tex. 285, 158 S.W.2d 760.

■ Appellant's fifth point says in effect that the property was not sufficiently listed on the City's delinquent tax roll. There is no merit in this contention. The records show that the delinquent tax roll of personal property has a code designation of the type of property covered by such a tax roll. This code designation is A/A and A/S. A similar designation of the property is found on the certified copy of the tax roll for the years 1930 and for the years 1940, 1941, 1942, 1943 and 1945 the property is described as a Dodge automobile. A witness for the City testified that the code designation A/A means an automobile that is assessed by the assessor and the code designation A/S means an automobile on the supplemental tax roll. This witness testified to the effect that the delinquent tax rolls show that the taxes were assessed on automobiles owned by the appellant. Plaintiff in its petition alleged that property covered by the tax is described as being personal property consisting of automobiles.

Section 205 of the City Charter provides as follows: "In any suit by the City of Dallas for the collection of any delinquent tax where it shall appear that the description of any property in the City assessment rolls shall be insufficient to identify such property; the City shall have the right to set up in its pleading a good description of the property intended to be assessed, and to prove the same, and to have its judgment foreclosing its tax lien upon the same, and personal judgment against the owner, for such taxes, the same as if the property were fully described upon the assessment rolls."

Section 2 of art. 7328.1, Vernon's Ann. Civ.Stats. provides in part: "Such form of petition, insofar as applicable, may be used in suits for the collection of delinquent taxes on personal property, and in any such suit, it shall be sufficient to describe such personal property in such general terms as * * * automobiles * * *, and no other or more particular description or designation shall be required as a prerequisite to a suit to obtain a personal judgment for taxes due upon personal property so described."

We think it is obvious that under the provisions of the Statute and Sec. 205 of the City Charter aforesaid that the description of the property contained in the tax rolls and in plaintiff's petition is sufficient to support judgment against appellant for the delinquent personal property taxes.

Appellant's point 6 does not present any error to the judgment entered in the trial court against him. First of all, such judgment was for the taxes accrued against him for the years 1939, 1940, 1941, 1942, 1943 and 1945, and the evidence was without dispute that appellant lived in the City during each of the foregoing years and that he owned an automobile on January 1st of each year and that he did not render the same for taxes. We have previously discussed appellant's failure to do his duty in this behalf and point 6 is overruled.

■ Point 7 is to the effect that the court erred in taking judicial notice of the charter provisions of the City of Dallas for the reason that said charter was not introduced in evidence, nor was any proof made of the charter being filed with the Secretary of State of the State of Texas. There

is no merit in this contention. It is the duty of the court to take judicial notice of the provisions of the charters of home rule cities. See art. 1174, Vernon's Ann.Civ. Stats.; also City of Dallas v. Megginson, Tex.Civ.App., 222 S.W.2d 349 (writ ref. n.r.e.) and cases there collated; Ex parte Farnsworth, 61 Tex.Cr.R. 342, 135 S.W. 538; City of Dallas v. Springer, Tex.Civ. App., 8 S.W.2d 772; City of Sweetwater v. Foster, Tex.Civ.App., 37 S.W.2d 799; Fuller v. State, 116 Tex.Cr.R. 310, 32 S.W. 2d 358.

■ Appellee excepted to the judgment entered by the trial court for not awarding it an additional amount of $40.76, representing taxes, penalties and interest for the years 1930, 1931, 1933 and 1936, and has cross assigned error to this effect. Appellee says that since appellant had registered his automobiles in his name with the State Highway Department for a license, his mere statement to the jury that he did not remember owning such automobiles during such years is not sufficient to overcome his act of registering these automobiles in his name for the particular years aforesaid, and since he did not testify that the State registration records were false, there is no support in the evidence to sustain the court's refusal to render judgment in favor of the City for the $40.76 taxes, penalties and interest for the years 1930, 1931, 1933 and 1936. We sustain this cross assignment.

■ The City introduced in evidence copy of its delinquent tax roll of personal property which showed the name of L. C. Stone for 1930, 1931, 1933 and 1936. The amount of delinquent taxes, penalties and interest for this period was shown to be the sum of $40.76. Appellee also tendered in evidence certified copy of the current tax rolls for the years 1930, 1931, 1933 and 1936 for the defendant Stone and it is without dispute that these taxes were never paid. But appellant says in effect that there is no basis for judgment entered against him in any event for the reason that the property for which taxes were sought to be collected for the years 1930, 1931, 1933, 1936, 1938 and 1939 were not described on said certificate. We have previously discussed this

matter and have overruled his contention in this behalf; however, defendant says further that since the jury found that he was not the same L. C. Stone listed on the tax rolls for the years 1930 and 1931, that in no event can the City recover against him for the taxes accrued for the years 1930 and 1931. We think there is no merit in this contention for the reasons hereinafter briefly stated.

Appellant testified that he lived at 5302 Phillips Street, the street address shown on the delinquent tax rolls in 1933 and 1936, but he did not recall whether he lived there in 1933, but admitted he lived there in 1936; that he had been living in Dallas since approximately 1930 and had been driving his automobile before he moved to Dallas; that he had owned automobiles off and on for a number of years. He did not specifically deny owning an automobile during the years 1930, 1931, 1933 and 1936, or on January 1st of those years, but his testimony was merely to the effect that he did not remember owning a car at that time. Art. 7326, Vernon's Ann.Civ.Stats., provides in part: "All delinquent tax records of said county in any county where such suit is brought shall be prima facie evidence of the true and correct amount of the taxes and costs due by the defendant or defendants in such suit, and the same or certified copies thereof shall be admissible in the trial of such suit as the evidence thereof." This provision of the statute has been sustained by our courts. See Victory v. State, supra. Sec. 6 of art. 7328.1, Vernon's Ann.Stats. provides that "All of the provisions of this Act simplifying the collection of delinquent State and County taxes, are hereby made available for, and when invoked shall be applied to, the collection of delinquent taxes of all municipal corporations and political subdivisions of this State or any county thereof, authorized to levy and collect taxes." See Corbett v. State, Tex.Civ.App., 153 S.W.2d 664, writ ref. wom. Since the City introduced in evidence certified copies of its delinquent tax rolls as well as certified copies of the current tax rolls for each of the years in question showing that the taxes had been assessed against L. C. Stone for those years, such testimony made a prima

facie case under the above provisions of the statute and the authorities just cited. Our view is that because of the record made and the provisions of the foregoing statutes and the authorities just cited, the answers of the jury to the effect that Stone did not own an automobile on January 1, 1930, 1931, 1933 and 1936, have no support in the evidence and for such reasons the trial court should have disregarded the jury's answers to Special Issues 1, 2, 3, 4, 5 and 6, and should have granted the City's motion for judgment non obstante veredicto for taxes accruing for the years just above named. In Corbett v. State, supra [153 S. W.2d 667], we find this statement: "* * * it has been held that the presumption of a valid levy and assessment of taxes arising from the introduction of the delinquent tax records and the delinquent tax lists, under the provisions of said Articles 7326 and 7336, presupposes that the capacity to levy and assess taxes has been acquired as a result of the necessary election, and that all steps essential to the validity of the levy had been taken." City Crocker v. Santo Consolidated Ind. School Dist., Tex.Civ.App., 116 S.W.2d 750, writ dis. Section 207 of the charter of the City of Dallas among other things provides: "* * * and the assessment rolls shall be prima facie evidence of the facts stated in the said rolls and that all taxes assessed on such rolls have been regularly levied and assessed in accordance with the provisions of this charter amendment and of the law; and no irregularity in the manner of levying or assessing taxes shall invalidate the same unless it appears from affirmative proof that such irregularity operated injuriously to the taxpayer attempting to avoid the payment of such tax." See also City of Raymondville v. Harding, Tex.Civ.App., 40 S.W.2d 888, affirmed Tex. Com.App., 58 S.W.2d 55; Texas Land & Cattle Co. v. City of Forth Worth, Tex.Civ. App., 73 S.W.2d 860, (writ ref.—See "Notations on Applications for Writs of Error" aforesaid); Dill v. City of Rising Star, Tex.Com.App., 269 S.W. 769, opinion adopted by Supreme Court; Victory v. State, supra; Freeman v. State, 199 S.W.2d 301.

We have carefully reviewed the testimony of appellant and we think it is to the effect only that he does not remember whether or not he owned an automobile during the period of 1930, 1931, 1933 and 1936, being the years on which the court refused to grant the city's judgment for delinquent taxes. It is our view that such testimony under the authorities cited is insufficient to overcome the prima facie case made in the City's behalf by introducing into evidence the delinquent tax rolls as herein outlined, and in the absence of affirmative proof by the defendant. The City was entitled to recover judgment for the full amount of taxes shown on the delinquent tax rolls tendered by the City. Such we believe to be the holding in Corbett v. State, supra, and this holding has not been set aside by our Supreme Court. It follows that we think the trial court erred in not permitting the City to recover the additional amount of $40.76 for the years 1930, 1931, 1933 and 1936, and the judgment of the trial court in this behalf is reversed and rendered. The judgment of the trial court in all other respects is affirmed.

Reversed and rendered in part; affirmed in part.