Lem BILLINGSLEY, Appellant,

v.

CITY OF FORT WORTH et al., Appellees.

No. 15615.

Court of Civil Appeals of Texas.

Fort Worth.

April 22, 1955.

Rehearing Denied May 20, 1955.

tained a personal judgment in the County Court at Law against Lem Billingsley for delinquent taxes. Mr. Billingsley has appealed.

His first point of error challenges the jurisdiction of the County Court at Law. The original petition prayed for $177.02 as assessed taxes for the years 1945 through 1952, plus penalties at the rate of one per cent per month thereon after the delinquent date of each respective year. It is appellant's contention that penalties on delinquent taxes should not be considered in determining the amount in controversy for jurisdictional purposes.

In determining jurisdictional amount, the penalties on delinquent taxes must be considered as in the nature of damages and as such are to be considered as part of the amount in controversy.

The point of error is overruled.

Appellant's points of error two through six contend in substance that the City failed to allege and prove a valid assessment and levy; that the assessment should have been specified separately on "office furniture and equipment," "library books," and "automobile"; that judgment should have been on an assessment of $500 instead of $1,000; and that the appellees failed to show any breakdown or separation of City taxes and School taxes.

We overrule appellant's contention that the appellees should have shown a separation of City from School taxes. Article 7328.1, R.C.S., Vernon's Ann.Civ. St., provides that it is only necessary to allege in a tax suit the total amount due all the parties in whose behalf the suit is brought. The petition is in substantial compliance with the statute; and, further, appellant did not except to the petition on the ground that the City and School taxes were not shown separately. In our opinion, the petition was sufficient. Corbett v. State, Tex.Civ.App., 153 S.W.2d 664.

The appellant contends the judgment is invalid because appellees' amended petition failed to allege an assessment and

Sam A. Billingsley, Fort Worth, for appellant.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, John Gano, and June R. Welch, Forth Worth, for appellees.

RENFRO, Justice.

The City of Fort Worth and the Fort Worth Independent School District ob-

levy against the property. The petition states that appellees were given full power to levy and assess taxes against the property described and that all things required by law to be done had been duly and legally performed. The petition, as a whole, alleges an assessment and levy, and certainly shows an intendment to allege that a levy and assessment were made, and, in the absence of exceptions to the petition, all intendments, will be resolved in favor of the petitioner. Hanley v. Oil Capital Broadcasting Association, 141 Tex. 243, 171 S.W. 2d 864.

Appellant contends the assessments against him were invalid because the appellees alleged generally a blanket assessment on office furniture and equipment, library books and an automobile. He insists that appellees should have specified the amounts separately.

■ Appellant did not except to the petition for the reasons set out in his points of error. It appears that appellees substantially complied with the provisions of the City's charter and of Article 7328.1. There is no affirmative proof that the manner of assessing the property operated injuriously to the appellant. If such blanket assessment was irregular, such irregularity, in the absence of substantial injury to the appellant, is not sufficient to invalidate the assessment. State v. Whittenburg, Tex., 265 S.W.2d 569. Even though taxes are assessed and levied through use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer, to obtain relief, must show substantial injury. City of Arlington v. Cannon, Tex., 271 S.W.2d 414; Lubbock Hotel Co. v. Lubbock Independent School District, Tex.Civ.App., 85 S.W.2d 776.

■ The assessment sheet for 1952 has the letters and figures, "Est. 500," inserted after the words, "office furniture, library, etc.," while the "total" column shows a value of $1,000. A mere irregularity in the manner of levying or assessing taxes will not invalidate the same unless it appears from affirmative proof that such

irregularity operates injuriously to the taxpayer. Stone v. City of Dallas, Tex.Civ. App., 244 S.W.2d 937; Dill v. City of Rising Star, Tex.Com.App., 269 S.W. 769; Texas Land & Cattle Co. v. City of Fort Worth, Tex.Civ.App., 73 S.W.2d 860.

The trial court filed extensive findings of fact and conclusions of law, including findings that the appellees made valid levies of taxes for each year involved in the suit; appellant owned property in both the taxing jurisdictions which was liable for taxation; appellant owned property worth at least $1,000 and did not render his property for taxation for any year involved in the suit; that the board of equalization made assessments upon appellant's property during all the years involved in the suit and the appellant at no time appeared before the board of equalization to protest the assessments made against him; that the board of equalization did not act arbitrarily or fraudulently and did not make the assessments under a fundamentally wrong principle of law and no evidence was offered tending to show any defects in the procedures of the board in the taxing years.

Appellees introduced official tax records of the City, including a certified copy of the delinquent tax roll. The evidence shows that rendition sheets were made for each of the years set out in the petition.

■ The delinquent tax records are prima facie evidence of the true and correct amount of taxes due by appellant. Article 7326, R.C.S.; Victory v. State, 138 Tex. 285, 158 S.W.2d 760; State v. Whittenburg, supra.

■ The appellant wholly failed to prove that the taxing plan used by appellees in arriving at the value of his property for the years for which judgment was rendered was arbitrary, discriminatory and not uniform, or that such plan violated any provisions of the State or Federal Constitutions, and wholly failed to show that the values placed thereon by the City were excessive or that he had been injured by the plan used by the appellees in assessing taxes.

872

 Under the record before us, we believe the taxes were validly assessed and levied and appellant has failed to show any defense to the payment thereof. Stone v. City of Dallas, supra.

There is no contention by appellant that his property was assessed substantially higher than property of equal or greater value owned by others. He thereby failed in that respect to show discrimination by an illegal and arbitrary assessment. State v. Whittenburg, supra; City of Arlington v. Cannon, supra.

We have concluded that none of the points raised by appellant present reversible error and therefore affirm the judgment of the trial court.