**CITY OF CORPUS CHRISTI et al.,**
**Appellants,**

v.

**Howard F. SUDDUTH, Appellee.**

**No. 613.**

Court of Civil Appeals of Texas, Corpus Christi.

April 22, 1971.

Rehearing Denied May 20, 1971.

James R. Riggs, City Atty., Charles Cromwell, Asst. City Atty., Corpus Christi, for appellants.

Lyman & Sudduth, Charles G. Lyman, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a suit to recover delinquent taxes on personal property. The City of Corpus Christi, Corpus Christi Independent School District, Corpus Christi Junior College District, and Lower Nueces River Water Supply District, plaintiffs, filed suit against

Howard F. Sudduth, defendant, for the collection of delinquent ad valorem taxes alleged to be due on personal property for the years 1964 to 1968, both inclusive. No attempt was made to foreclose any tax lien on the personal property; a personal judgment only was sought against defendant. The State of Texas, and Nueces County, Texas, filed a plea in intervention but took a non-suit. They are not parties to this appeal. The parties will be designated here as they were in the trial court.

Defendant, in his answer to plaintiffs' pleading, among other defenses, specially excepted to plaintiffs' third amended original petition. The trial court overruled special exceptions 2 and 3, but sustained special exception 1, which reads as follows:

"He excepts and objects to Plaintiffs' said petition because they do not state therein with sufficient particularity so that Defendant may properly prepare his pleadings, case and proof, the properties upon which Plaintiffs claim that any taxes were assessed or due or owing, and absent such particularized allegations Defendant cannot properly prepare his pleadings, case and proof. Without such particularized allegations, Defendant cannot determine whether the assessment was against property owned by him or not, or whether he has paid any taxes claimed to be due and owing, or whether any properties upon which Plaintiffs claim that any taxes were assessed or due or owing were grossly overvalued, among other matters."

Plaintiffs were then granted leave to amend their pleadings so as to meet defendant's exception and when they refused to do so, the trial court dismissed the suit. Plaintiffs have perfected this appeal from the judgment of dismissal. We affirm.

The plaintiffs, as appellants, urge three points of error, alleging in substance, that the trial court erred as a matter of law (1) by sustaining the exception which "requested a more particularized description of the personal property upon which the taxes were assessed", (2) by requiring the plaintiffs to amend their position "even though it substantially complied with the recommended petition for ad valorem tax suits found in Article 7328.1, Vernon's Annotated Texas Statutes", and (3) by dismissing the suit "when the plaintiffs failed to amend their third amended plaintiffs' original petition".

Plaintiffs modeled their petition on and along the suggestions contained in Article 7328.1, V.A.C.S. The property was described in their petition as:

"Personal Property: Furniture and Fixtures, Office Equipment, and Law Books at 621 Wilson Building, Corpus Christi, Nueces County, Texas".

Plaintiffs, among other allegations, alleged that the taxes sued for were presently delinquent, justly due, and unpaid, as shown by Exhibit "A", attached to and made a part of their petition. This Exhibit "A" is a certified copy of a composite delinquent tax statement for the years 1964 to 1968, which shows the amount of delinquent taxes, penalty and interest, respectively, alleged to be owing by defendant to the several plaintiffs for each of said years. The property is described therein as "Personal Property", and no more. The situs of the property is not shown on such statement.

Section 2, Article 7328.1, V.A.C.S., provides, in part:

"Such form of petition, insofar as applicable, may be used in suits for the collection of delinquent taxes on personal property and in any such suit, it shall be sufficient to describe such personal property in such general terms as * * * equipment * * * furniture and fixtures, * * *, or any other appropriate general description, and no other or more particular description or designation shall be required as a prerequisite to a suit to obtain a personal judgment for taxes due upon personal property so described."

Plaintiffs contend that the description of the personal property contained in their petition is in substantial compliance with

the statute. They cite the cases of Sam Bassett Lumber Co. v. City of Houston, 194 S.W.2d 114 (Tex.Civ.App., Galveston 1946), rev. on other grounds in 145 Tex. 492, 198 S.W.2d 879 (1947), and Billingsley v. City of Fort Worth, 278 S.W.2d 869 (Tex.Civ.App., Fort Worth 1955, wr.ref. n. r. e.) in support of their position.

In the Sam Bassett case, the Court of Civil Appeals held that the petition was sufficient as against a special exception for vagueness and indefiniteness as it substantially followed the form authorized by the statute. In the instant case, we do not have any such exception alleging that plaintiffs' allegations are vague and indefinite. Here, the complaint is specific rather than general. The Sam Bassett case is distinguishable from the case at bar.

In the Billingsley case, the petition is also in substantial compliance with the statute. The court very pointedly says that the taxpayer did not except to the pleadings filed by the taxing authorities. In such case, the court had no alternative but to hold that the petition was sufficient to support the judgment. In this case, special exceptions were timely filed, presented to the trial court, and a ruling was made thereon. The Billingsley case is not in point.

Article 7328.1, V.A.C.S., was enacted by the 46th Legislature, effective May 31, 1939. It sets forth in Section 1 the allegations necessary in a petition brought to collect delinquent taxes on real property, and, in Section 2, provides that such form of petition, insofar as applicable, may be used for the collection of delinquent taxes on personal property. The statute permits the petition to describe the personal property in general terms. The sole and only purpose of such legislation was to simplify proceedings in delinquent tax suits, including provision for a simplified description of the property, both real and personal, in delinquent tax suits. However, there is nothing in either the act itself, or in its caption, that indicates a legislative intent to alter, change, modify or repeal any of the procedural rules

of court then in force. At the date of enactment of the statute, special exceptions were authorized and in wide use. The statute expressly states " * * * and no other or more particular description or designation shall be required as a prerequisite to a suit to obtain a personal judgment * * *". When such a petition using general description of personal property is filed, the requirement of the statute to this prerequisite to the suit is met; but, from and after the filing of the petition, the delinquent tax suit is like any other suit and is amenable to the rules of civil procedure; exceptions to the filed pleadings may be sustained or overruled, within the judicial discretion of the trial judge. The pleadings by the taxing authorities that are legally sufficient under the statute when filed, may become legally insufficient under the rules of civil procedure, when challenged by proper special exceptions.

The fact that the purpose of the legislature in enacting the statute was to simplify proceedings in delinquent tax suits does not mean that the pleadings in such suits may not be questioned or challenged by litigants under the rules of civil procedure. It is not to be inferred that the statute dispenses with the office of a special exception. The description of the personal property in the petition filed in this case is in substantial compliance with the description authorized by the statute. The petition filed herein, as such, was sufficient to support a judgment, but, is the petition, although in substantial compliance with the statute, immune to inquiry by way of the special exception levelled at it by defendant and sustained by the trial court? Our holding is that it is not.

The Rule Making Act, conferring upon our Supreme Court full rule-making power in civil judicial proceedings, was also enacted by the 46th Legislature, effective May 15, 1939, providing that such Rules of Civil Procedure to be made and promulgated by the Supreme Court would become effective on September 1, 1941. Special exceptions are expressly authorized by the

Rules of Civil Procedure, as they were by rules of court and statutes that preceded them. Rule 91, T.R.C.P. One of the functions of a special exception is to require the plaintiff to state more fully, clearly and specifically, the facts on which he relies in order that the defendant may properly prepare for trial and guard against surprise. 45 Tex.Jur.2d, Pleading, Sections 113, 158, 160 and 161, pp. 570–571, 691, and 700; C. D. Shamburger Lumber Co. v. Delavan, 106 S.W.2d 351 (Tex.Civ.App., Amarillo 1937, wr.ref.); Garrett v. City of Wichita Falls, 329 S.W.2d 491 (Tex.Civ.App., Fort Worth 1959, n. w. h.).

In Texas Lime Company v. Hindman, 300 S.W.2d 112 (Tex.Civ.App., Waco, 1957), aff'd 157 Tex. 592, 305 S.W.2d 947 (1957), it is said:

"* * * The purpose of a pleading is to inform the court and the adverse parties of what pleader's contentions will be on the trial of the case and the office of special exceptions to pleadings is to furnish the adverse party a medium by which to force clarification of and specifications in pleadings when not clear or sufficiently specific. * * *"

We apply that reasoning here. The purpose of a pleading and the office of special exception must co-exist. They are not antagonistic to each other, nor does either encroach upon the domain of the other. A simplified pleading that will support a judgment is one thing; a request by a litigant that his adversary furnish clarification or particularized allegations in order to fairly and adequately state vital facts that are not clear or sufficiently specific in the pleadings of the adversary is something else.

In addition to the Sam Bassett and Billingsley cases, supra, cited by plaintiffs, the propriety and use of special exceptions in delinquent tax suits has been recognized in other delinquent tax cases. The court, in City of Alice v. Lacey, 362 S.W.2d 919 (Tex.Civ.App., San Antonio 1962, n. w. h.), had occasion to consider Rule 68, T.R.C.P., along with Article 7328.1, V.A.C.S. There,

the trial court sustained defendants' motion that plaintiffs be required to replead, and when they refused to do so, dismissed the suit. The appellate court affirmed the judgment of dismissal, and in doing so, duly noted that numerous special exceptions were levelled at plaintiffs' pleadings. The taxing agencies were there held accountable to procedural rules promulgated by our Supreme Court. If Rule 68 may be properly considered in a delinquent tax case, there is no legal reason why Rule 91, T.R.C.P., should not also be considered when it is timely invoked by a party.

In Corbett v. State, et al., 153 S.W.2d 664 (Tex.Civ.App., Galveston 1941, wr.ref. w. m.), the trial court entered a default judgment against appellant in a suit for the collection of delinquent taxes, penalties and interest. The Court of Civil Appeals discussed Article 7328.1, V.A.C.S., at length. The taxpayer contended that the petition was not sufficient to support the judgment. In overruling appellant's point of error, the Court said:

"* * * The petition in the instant case contains the identical language prescribed by the statute *and, in the absence of special exceptions, it is, we think, sufficient*." (Emphasis supplied)

Definitely, that case is authority for the challenging of a petition framed under the suggestions of the statute by the use of special exceptions.

We consider City of Alice, et al. v. Bowers—Wright Funeral Home, Inc., et al., 362 S.W.2d 888 (Tex.Civ.App., San Antonio 1962, n. w. h.) authoritative. There, the allegations in the petition in a suit to recover delinquent taxes on personal property were held to be so vague and indefinite that it could not be determined from the pleadings whether or not the taxes are barred by the four-year statute of limitations. In the matter of the propriety of special exceptions in such a suit, the Court said:

"The court under Rule 91, T.R.C.P., may hear special exceptions, and where special exceptions are sustained the plaintiff

should first be given an opportunity to amend before there can properly be a dismissal."

Clearly, under the authority of that case, special exceptions are available to a taxpayer in a suit brought against him for the collection of delinquent taxes on personal property owned by him, even though the petition contains substantially the identical allegations recommended by the statute.

Here, the pleadings that were sufficient when filed, became insufficient when challenged by pointed objections with reasons specifically stated. The special exception sustained by the trial court is not vague and indefinite; it is adequate and sufficient under Rule 91, T.R.C.P., to call plaintiffs' attention to defendant's need for further information. It cannot be disputed but that a taxpayer may have several defenses to a suit for the collection of delinquent taxes. Without in any way limiting the defenses available to a taxpayer in a suit for delinquent taxes, some of the defenses are: (1) that he did not own the property or portions thereof during the year or years when the taxes were assessed to him; (2) that he paid some or all the taxes sued for; and, (3) that the property was grossly overvalued. The petition, as we have seen, describes the personal property in general terms. Five separate years and four separate taxing agencies are involved. From the pleadings, defendant cannot determine with any degree of accuracy what portion of the assessed valuation represents the valuation placed separately on specific items of furniture and fixtures, office equipment, or law books. No assistance whatever is furnished defendant on the breakdown of the assessed valuation when Exhibit "A", the delinquent tax statement, is examined; there the property is simply described as "personal property". An inspection of Exhibit "A" shows that the taxes assessed by the college district and by the water district were the same for each of the five years; there were slight variations in the assessment of taxes by the other plaintiffs. The overall assessed valuation by each

plaintiff of the total property for each year is alleged to be $750.00; therefore, presumably, the identical property for all five years was on hand at the stated location on January 1 of each of the years 1964-1968 and that there was no depreciation or appreciation thereon, or possibly the additions and deletions, if any, over the years, when totaled up, amounted to exactly the aggregate that justified a $750.00 valuation according to the formula used in arriving at the assessed valuation. Without some detailed description of the several items and objects constituting the generalized descriptive statement of "furniture and fixtures", "equipment" and "law books", defendant could not from the petition, as filed, fairly determine whether, on January 1 of each such year, he owned any of the specific items making up the description of the property as set out in plaintiffs' pleading, nor whether he had paid any taxes on any such items of property owned by him, nor was he apprised of any facts that would enable him to defend on the ground that there had been a gross overvaluation of any of the properties so valued to arrive at the total valuation of $750.00. Defendant was entitled to sufficient detail in the description of the personal property in order to properly prepare for trial and to intelligently marshall his defenses to the suit, if any he had. We do not suggest the amount of detail required to meet the exception sustained by the trial court. We simply hold that, as plaintiffs' petition was challenged by adequate and sufficient special exception, plaintiffs should have furnished defendant a more detailed description of the personal property than that set out in their petition.

The trial court did not abuse his discretion when he sustained the exception heretofore mentioned. Plaintiffs were not harmed by the action of the trial court in sustaining the special exception; their injury, if any, was caused by their refusal to amend their petition to meet the exception. Plaintiffs' points of error are overruled.

The judgment of the trial court is affirmed.