**HOUSTON CRANE RENTALS, INC.,**
**Appellant,**

**v.**

**The CITY OF HOUSTON, Appellee.**

**No. 15603.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 16, 1970.

Rehearing Denied May 7, 1970.

Marvin Schulman, Houston, for appellant.

William A. Olson, City Atty., Jay Howell, Senior Asst. City Atty., Brian L. Reade, Asst. City Atty., Houston, for appellee.

BELL, Chief Justice.

This appeal is from a summary judgment rendered in favor of appellee, which sued for itself and the Houston Independent School District for taxes on personal property alleged to be due for the years 1966–1968, inclusive. Appellee employed the form of petition authorized by Article 7328.1, Vernon's Ann.Tex.Civ.St. The petition also sought to recover penalties, interest and attorney's fees and sought foreclosure of a lien. The petition described the property on which the taxes were due as "machinery, equipment, and auto, 3816 Fannin." Judgment was rendered for the taxes, interest and penalties and attorney's fees and for foreclosure of a lien. The amount of the judgment was $5,053.77. This included an attorney's fee of 10 per cent of the taxes, penalties and interest due by both the City and the School District.

Appellant assigns fourteen points of error, but they present the following basic contentions:

1. The assessment was void because the description of the property on the tax records is vague and uncertain and does not comply with the allegedly mandatory terms of Article 7204, V.A.T.S.

2. The valuation of the property was grossly excessive.

3. There was error in allowing attorney's fees for the following reasons:

(a) No fees are allowable where taxes are on personal property.

(b) The assessment was void.

(c) Appellant was not given the notice required by Article 7324, V.A.T.S.

(d) There was a fact question as to the reasonableness of the fee and in any case only a reasonable fee is allowed by Article 7332, V.A.T.S.

4. There was no proof of ownership of the property, its value or the tax rates.

5. There was no certified copy of the official tax roll and no prima facie case was made out.

6. There can be no foreclosure of a lien on defectively described property.

The position of appellee is that it is not proceeding under the general laws but is proceeding under its charter. The law creating the Houston Independent School District makes the City assessor and collector of taxes the assessor and collector for the School District. It also makes all of the City of Houston Charter relating to the assessment and collection of taxes applicable to the School District. Local & Special Laws of Texas, Regular Session of the 38th Legislature, 1923, Chapter 91, page 317 et seq., Section 35 of said act provides " * * * this Act shall be deemed a public act, and the Courts of this state shall take judicial notice of its provisions." We are therefore required to judicially notice its provisions. Texas Law of Evidence, McCormick and Ray (Second Edition), Section 171, pages 181–182.

Appellant proceeds under the theory that the state statutes govern, while the City urges that it being a home rule city, its charter provisions control. While the state statutes authorize municipalities to use the state laws they are not required to do so. Article 1060a, V.A.T.S., is permissive and not mandatory.

■ We hold that the City for itself and Houston Independent School District is proceeding under its charter and not under the general laws with regard to taxation.

The provisions of the City Charter with regard to taxation apply to Houston Independent School District by virtue of the legislative act creating it. Special Laws of Texas, 38th Legislature 1923, Chapter 91, pages 317–334, Section 30. This section effectively makes the City of Houston the agency for the assessment and collection of school taxes and adopts the procedures of the City Charter in this regard. Greyhound Lines, Inc. v. Board of Equalization, 419 S.W.2d 345 (Tex.Sup.).

■ Where a municipality or school district does not elect to proceed under the general laws, the city charter is applicable. Eustis v. City of Henrietta, 90 Tex. 468, 39 S.W. 567; Blewett v. Richardson Independent School District, 240 S.W. 529 (Com.App.); Republic Insurance Co. v. Highland Park Independent School District, 141 Tex. 224, 171 S.W.2d 342; Smith v. City of Austin, 212 S.W.2d 947 (Tex. Civ.App.), n. w. h.; Forwood et al. v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282. While the cited cases did not involve suits by a municipal corporation for both it and a school district, they were either suits by an independent school district in which it was held the statutes governing independent school districts applied, or they were suits by a municipality in which it was held that the tax laws governing cities applied unless it was a home rule city, in which latter case the city charter was held to govern. Of course if there was a conflict with a state statute, the statute would prevail. We find no conflicts involved in this case.

■ The appellee's motion for summary judgment was based on its unsworn petition which described the property as above stated. The petition stated appellant was a "Texas corporation" and service could be obtained by serving Mr. Lorraine M. George, "President and agent for service, 3816 Fannin Street, Houston, Texas." The petition complied with Article 7328.1 in its substantive allegations.

In further support of its motion appellee attached a certified copy of what is denominated "Delinquent Tax Statement".

The following is a reproduction of the statement:

**CITY OF HOUSTON, TEXAS**
**and**
**HOUSTON INDEPENDENT**
**SCHOOL DISTRICT**

**DELINQUENT**

**TAX STATEMENT**

This statement when properly filled in and stamped becomes an official tax receipt for years and amounts herein shown:

## EXHIBIT "A"

I hereby certify that this statement of Delinquent taxes due the City of Houston and Houston Independent School District by, the person or persons or corporation named herein,

*Houston Crane Rentals Inc.*

on the property described herein for the years shown, was made from the tax rolls of the City of Houston and Houston Independent School District in my office, that this statement is true and correct as shown by said tax rolls, that no part of the taxes, penalties, interest or other charges or cost shown have been paid.

In testimony whereof, witness my hand on this the __21__ day of __Sept.__, 19__69__.

_____
Assessor and Collector of Taxes
for the City of Houston and
Houston Independent School District

**SEAL:**

City Interest and Penalty_____ *257.97*
School Interest and Penalty_____ *380.08*

Cost—Statement and Advertising_____
BURFORD C. RODGERS
ASSESSOR AND COLLECTOR, CITY OF HOUSTON

By_____
Deputy Assessor and Collector

Date __Sept 3 1969__
[A1814]

ACCOUNT No.

Received of

Address

*800-000-43-605/8*
*Houston Crane Rentals Inc.*
*2816 Fannin*
*Houston Texas 77004*

| | Lot | Block | Addition—Survey |
|---|---|---|---|

V
P
Tr *Mack Eagt Auto*

| Year | City | Lib. | School | Total |
|---|---|---|---|---|
| 1966 | 303 00 | | 257 55 | 560 55 |
| 1967 | 775 00 | | 872 95 | 1647 95 |
| 1968 | 775 00 | | 872 78 | 1647 78 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | 1853 00 | | 2003 28 | 3856 28 |

| | | |
|---|---|---|
| City_____ | 257 | 97 |
| Sch._____ | 380 | 08 |
| *Atty Fee City* 221.10 | | |
| *Atty Fee Sch.* 238.34 | 459 | 44 |
| Suit No.*792907* | | |
| Court Cost | | |
| **TOTAL** | 5053 | 77 |

It will be noted that the property is described "Mach Eqpt auto".

There is also an affidavit of Charles F. Coull, Deputy Tax Collector for the City, stating he is familiar with the current and delinquent tax records and supervises the preparation of the Delinquent Tax statements from the tax roll. It is then stated the attached statement is a true and correct copy of the delinquent tax records insofar as it affects appellant for delinquent ad valorem taxes for 1966–68, inclusive. The amount plus attorney's fees, penalty and interest is stated. It then further attests that the statement is impressed with the City of Houston seal and is signed by the City Tax Assessor and Collector.

The appellant, among other things, contends that the description of the property was insufficient under Article 7204, and that the value placed on the property was grossly excessive.

The appellee relies on the affidavit and certified copy of the delinquent tax statement which we have discussed, and says it made out a prima facie case under the City Charter. It also relies on certified copies of rendition sheets signed by appellant's representative. These rendition sheets were, over objection, admitted in evidence at the hearing on the motion for summary judgment. They had not been attached to the motion or filed in the court in connection with said motion prior to the hearing.

A court may not consider such renditions under such circumstances. Rule 166A, Texas Rules of Civil Procedure; State v. Easley, 404 S.W.2d 296 (Tex.Sup.); Le-Tulle v. McDonald, 444 S.W.2d 794 (Tex. Civ.App.), Ref., n. r. e.; General Electric Credit Corporation v. First National Bank of Dumas, 432 S.W.2d 737 (Tex.Civ.App.), n. w. h.; Griffin v. H. L. Peterson Company, 427 S.W.2d 140 (Tex.Civ.App.), n. w. h.

We do not think, as above noted, Article 7204, V.A.T.S., is applicable. Appellant re-lies on the first opinion of the Supreme Court in the case of Alamo Barge Lines, Inc. v. City of Houston et al., 12 Supreme Court Journal, page 467 (June 18, 1969), in which the Court applied Article 7204 and held it mandatory. On motion for rehearing that opinion was withdrawn. In the final opinion appearing in 13 Supreme Court Journal, page 177, the Court never mentioned Article 7204, 453 S.W.2d 132. The property was, on the tax records introduced, described as "tugs and barges". The defendant, among other defenses, plead that it never owned more than one tug. While the City and School District made out a prima facie case, such case was rebutted by proof by defendant that they never owned "tugs" (plural). The court held the burden then shifted to the taxing authority to prove ownership of "tugs" and in this they failed. It held in a suit for taxes on personal property ownership must be proven. The Court did not hold that the general laws on taxation were applicable to municipalities proceeding under their charter.

In a summary judgment proceeding the movant must demonstrate by the summary judgment record that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Gibbs et al. v. General Motors, Tex., 450 S.W.2d 827 (February 14, 1970).

When the appellee made the certified copy of the tax statement a part of its motion for summary judgment, it made out its prima facie case. Newton v. Highland Park Independent School District, 361 S.W. 2d 916 (Tex.Civ.App.), n. w. h.; Bass v. Aransas County Independent School District, 389 S.W.2d 165 (Tex.Civ.App.), ref., n. r. e.). Article III, Section 9 of the City Charter, provides as follows:

"* * * either the tax rolls or a statement of the taxes due on any property made from said rolls, certified to and signed by the City Assessor and Collector of Taxes, of the City of Houston, * *

shall be prima facie evidence that the tax on the property is due; that the facts stated therein are true, and that all prerequisites required by law pertaining to the levying and assessing of the taxes and the rendition of the property therefor on which the suit is brought for taxes due have been complied with."

 It is noted that appellant contends there was a deficiency in the description. Any deficiency in this regard was cured by the affidavit of Mr. Parker, office manager for appellant. There he fully described the machinery, equipment and automobile that were owned and maintained by appellant in Harris County for each year that he asserted could have been taxed. The City had, as authorized by Article III, Section 14, used contraction of words, as above shown, in describing the property. This is permissible as was held in Stone v. City of Dallas, 244 S.W.2d 937 (Tex.Civ.App.), writ dism. As in Stone, where commonly recognized abbreviations are not used, evidence as to identity might be required. Here such evidence was supplied by the affidavit of Mr. Parker, as shown above. According to his affidavit such was the only property that could have been taxed. Appellee having purported to tax machinery, equipment and an auto, it will be presumed that this was the property taxed because a public official did his duty and assessed only the property of the taxpayer. We are, therefore, of the view that the record shows as a matter of law that appellant was entitled to recover the taxes sued for.

 Appellant's unsworn pleading that the value placed on the property was grossly excessive does not raise a fact issue in view of the prima facie proof by appellee we have previously noticed. Neither does the affidavit of Mr. Parker as to the value of the property raise an issue of fact. He merely states his opinion as to the market value of property subject to taxation. How can one say the valuation is grossly excessive when a mere market value is stated? The prima facie case made by appellee encompassed the presumption that the property was properly valued. If no evidence is introduced that raises an issue as to whether the value used by the appellee is grossly excessive, then appellee is entitled to judgment as a matter of law. We fail to see where Mr. Parker's affidavit that merely gives his opinion as to the market value of the property raises any fact issue. There is nothing in the summary judgment evidence on which to base a comparison.

Article III, Section 3, of the City Charter expressly creates a lien for taxes on personal property. Section 30 of the Legislative Act creating the Houston Independent School District, which is above cited, also fixes a lien on personal property.

Article III, Section 8, of the City Charter fixes an attorney's fee of five per cent of the amount of the judgment for taxes, penalties and interest, such fee to be taxed as costs. Section 30 of the Act creating the School District provides that the same penalties, interest and costs prescribed by the City shall apply to school district taxes. An attorney's fee of five per cent is a part of costs.

 The judgment of the trial court is incorrect in allowing an attorney's fee in excess of 5%. We can, as a matter of law, determine the attorney's fee. The trial court allowed a fee of 10%. An attorney's fee of 5% for the City would be $110.56. Such a fee for the School District would be $119.17. The total judgment, including 10% attorney's fees, was $5,053.77. We deduct one-half of the attorney's fees allowed, such one-half amounting to $229.73. We thus reform the judgment so it will be in the amount of $4,824.04.

As reformed the judgment of the trial court is affirmed.