**CITY OF CORPUS CHRISTI et al., Petitioners,**

v.

**Howard F. SUDDUTH, Respondent.**

**No. B–2820.**

Supreme Court of Texas.

Jan. 26, 1972.

Rehearing Denied Feb. 23, 1972.

James R. Riggs, City Atty., Charles Cromwell, Asst. City Atty., Corpus Christi, for petitioners.

Charles G. Lyman, Corpus Christi, for respondent.

CALVERT, Chief Justice.

In this suit by City of Corpus Christi and other local taxing units against Howard F. Sudduth for a personal judgment only for delinquent ad valorem taxes on personal property, the trial court sustained a special exception to plaintiffs' petition, and, upon refusal of plaintiffs to amend, the court dismissed the suit. The court of civil appeals affirmed. Tex.Civ.App., 466 S.W.2d 881. We reverse the judgments and reinstate the case for trial.

The petition describes the property on which the taxes are delinquent as "Personal Property: Furniture and Fixtures, Office Equipment, and Law Books at 621 Wilson Building, Corpus Christi, Nueces County, Texas." Defendant's special exception was directed at the generality of the description of the property, it being alleged that defendant could not properly prepare his defenses without a more particularized description.

Plaintiffs' description of the property is in substantial conformity with the requirements of Art. 7328.1, Sec. 2, Vernon's Texas Civil Statutes, which provides that in suits of this type it shall be sufficient to describe personal property "in such general terms as . . . fixtures, tools, machinery, equipment . . . or any other appropriate general description, and no other or more particular description or designation shall be required . . . ." The court of civil appeals held, however, that while the description would be sufficient in the absence of special exception filed pursuant to Rule 91, Texas Rules of Civil Procedure, a trial court could, on special exception, require a more particularized description. We disagree.

It is our opinion that the Legislature intended by enactment of Art. 7328.1 that the manner there provided for describing personal property in suits of this type be sufficient, and that no other or more particular description should be required by special exception or otherwise. Questions regarding the burden or methods of proof in tax suits are not before us.

The judgments of the court of civil appeals and trial courts are reversed and the cause is reinstated for trial.