**STAHMANN SALES COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 7413.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 9, 1972.

Rizik & Wennermark, San Antonio, for appellant.

Ted Butler, Dist. Atty., San Antonio, for appellee.

DIES, Chief Justice.

The State of Texas, appellee, brought this suit in Bexar County against Stahmann Sales Company, appellant, for delinquent taxes on personal property. A summary judgment for the State was granted by the trial court from which Stahmann perfects this appeal. Its only point of error is that "[t]he court should not have granted the motion for summary judgment as the evidence shows that as a matter of law the tax is unconstitutional or, in the alternative, there is a fact issue as to the constitutionality of the tax."

In reviewing a summary judgment, we are guided by the measure of proof required by our Supreme Court in two recent decisions. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970) and Swilley v. Hughes, 488 S.W.2d 64 (Tex. 1972).

In *Gibbs,* the court said on page 828:

"The two quotations illustrate a basic fallacy frequently found in the approach of some of our courts to the matter of rendering or affirming a summary judgment in favor of a defendant. In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action." (emphasis by the court)

In *Swilley,* the court said:

"In a case such as this, when the movant's evidence only serves to raise a fact issue, the opponent of the motion need not offer contradictory proof. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970). In our summary judgment practice, the opponent's silence never improves the quality of a movant's evidence. Statements to the contrary in the opinions of two of the justices of the court of civil appeals in this case are based upon a misunderstanding of Railroad Commission v. Sample, 405 S.W.2d 338 (Tex.1966). Sample holds only that when a movant fails to controvert his opponent's evidence, that evidence must be accepted as true on appeal. It is manifestly wrong to read that case as holding the converse, and it is contrary to summary judgment logic to assume that the converse naturally follows." (16 Tex.Sup.Ct.J. at p. 17)

In this case, appellant's opposing affidavit stated the following:

"1. That the statute under which Plaintiff's cause of action arises is illegal, unconstitutional, and void in that the taxation of Defendant was not equal and uniform, but instead was unfair, discriminatory, and illegal resulting in substantial injury to Defendant, contrary to Article VIII, Constitution of the State of Texas and the 14th Amendment to the United States Constitution. That Plaintiff taxes only merchandise, furniture, fixtures and inventory of business concerns and refuses to tax bank deposits, corporate stock, bonds, mortgages, household furniture, boats and trailers, jewelry, clothing, television sets and any personal property now owned by a business concern. That the net result of such discriminatory taxation is to increase Defendant's personal property tax to at least ten times what it would be if everyone were taxed according to the terms of the statute.

"2. That Plaintiff does not even tax business concerns alike, but uses different standards and values for different businesses so that even businesses are taxed unfairly and not in a uniform and equal manner.

"3. That Defendant was never assessed any personal property taxes by Plaintiff.

"4. That no demand was made on Defendant for the payment of any personal property tax as required by Article 7297 VATS."

■ In addition, admissions on file reveal that the only personal property taxed by appellee is merchandise, furniture, fixtures and inventory of the business concerns located within this taxing district. That no tax is levied on bank deposits, corporate stock, bonds, mortgages, household furniture, boats and trailers, jewelry, clothing or television sets. And that it is appellee's established plan to tax only merchandise, furniture, fixtures and inventory of business concerns located in Bexar County. We believe the opposing affidavit and the admissions set out raise a fact issue.

■ There is another reason why we have determined this case must be reversed. Plaintiff moved for summary judgment and attached the affidavit of the Bexar County Tax Assessor-Collector who swore that he was the lawful custodian of the tax records of Bexar County and that "the attached certified copy of delinquent taxes is true and correct." However, after a careful search of the entire transcript, we do not find that any "certified copy of delinquent taxes" was attached to the motion and none is to be found in our transcript.

In Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132, 133 (Tex.1970), the court discussed the statutory and case law applicable to delinquent tax suits and set out the various methods by which the taxing entity may establish a prima facie case under Art. 7328.1, Vernon's Ann.Civ. St. And, the taxing authority may make out a case warranting a summary judgment by following the rules applicable thereto. Houston Crane Rentals, Inc. v. City of Houston, 454 S.W.2d 216, 221 (Tex.Civ.App., Houston-1st, 1970, error ref. n. r. e.).

The plaintiff taxing unit did not comply with the provisions of Rule 166–A by attaching to the affidavit of its assessor-collector the certified copy of its delinquent tax roll. Not having complied with the summary judgment rule, plaintiff was not entitled to summary judgment. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 277 (1961).

The summary judgment of the trial court is reversed and remanded.