**CORPORATE FUNDING, INC., Appellant,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 9274.**

Court of Appeals of Texas, Texarkana.

Dec. 18, 1984.

Rehearing Denied Jan. 22, 1985.

Mary Ann George, Mary Ann George & Associates, Houston, for appellant.

Joan C. Ward, Daniel Doherty, Asst. City Attys., Houston, for appellee.

CORNELIUS, Chief Justice.

Corporate Funding, Inc. brought this writ of error to review the trial court's granting of a summary judgment in favor of the city of Houston.

The city filed suit for itself and other interested taxing entities seeking to recover delinquent taxes, interest and penalties due against personal property leased by Corporate Funding. The trial court granted the city's motion for summary judgment, finding proper service and notice, the absence of any material fact, and awarding $23,741.50 in delinquent taxes, penalties and interest, and $3,561.21 as attorney's fees. Corporate Funding raises four points of error contending generally that fact issues were raised and there was inadequate proof of notice, property description, and reasonableness of attorney's fees.

We overrule Corporate Funding's point on the notice issue, but sustain its points concerning the reasonableness of attorney's fees and the sufficiency of the property descriptions.

1. Tex.Tax Code Ann. § 33.48 (Vernon 1982).

The trial judge found that the attorney's fees awarded were reasonable, but there was no summary judgment evidence concerning their reasonableness. The city argues that since the statute[1] authorizes attorney's fees not to exceed fifteen percent in tax collection cases, the affidavit and exhibits are sufficient evidence of attorney's fees. We disagree. The statute provides that a taxing unit may recover *reasonable* attorney's fees approved by the trial court, not to exceed fifteen percent of the total taxes, penalty and interest due. Since the attorney's fees must be in a reasonable amount and not per se fifteen percent, reasonableness is a fact which must be proved, and it cannot be determined in a summary judgment proceeding unless it is agreed to or there is uncontradicted summary judgment evidence of that fact. Tex. R.Civ.P. 166–A(c); *Coward v. Gateway Nat'l Bank of Beaumont,* 525 S.W.2d 857 (Tex.1975); *Brown v. Clark,* 557 S.W.2d 558 (Tex.Civ.App.–Texarkana 1977, no writ); *Hurt v. Bays,* 537 S.W.2d 139 (Tex. Civ.App.–Austin 1976, writ ref'd n.r.e.).

We also find that the property descriptions in the delinquent tax statements which were attached as summary judgment evidence are insufficient. While Tex.Tax Code Ann. § 33.43(c) (Vernon 1982) allows personal property to be described generally, the particular method of description used here, in itself, raises an ambiguity and a fact issue as to what property has been taxed. The descriptions are "leased eqpt. *various* locations, one being 198 Post Oak," and similar ones. Even the general type of equipment is not given, and the notation that the situs of the property is at various unspecified locations (even though one of the locations is specified), adds to the uncertainty. *See Houston Crane Rentals, Inc. v. City of Houston,* 454 S.W.2d 216 (Tex.Civ.App.–Houston [1st Dist.] 1970, writ ref'd n.r.e.) Cases such as *City of Corpus Christi v. Sudduth,* 475 S.W.2d 720 (Tex.1972) and *Stone v. City of Dallas,* 244 S.W.2d 937 (Tex.Civ.App.–

Waco 1951, writ dism'd), are inapposite because the descriptions used there were made certain by limiting them to a specific location, or identifying the nature of the property, or by additional identifying summary judgment evidence furnished by affidavit or otherwise. There is no such summary judgment evidence here.

For the reasons stated the summary judgment is reversed and the cause is remanded to the district court for trial.