## TEXAS ARCHITECTURAL AGGREGATE, INC., Appellant,

v.

## SAN SABA COUNTY CENTRAL APPRAISAL DISTRICT, Appellee.

No. 14705.

Court of Appeals of Texas, Austin.

Jan. 28, 1987.

Motions for Rehearing Denied March 11, 1987.

Clyde Cockrum, Goldthwaite, for appellant.

Brian E. Brown, Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

POWERS, Justice.

On behalf of all taxing units for which it was authorized to act, the San Saba County Central Appraisal District recovered summary judgment against Texas Architectural Aggregate, Inc., a taxpayer, for delinquent ad valorem taxes, penalties, interest, and costs. Tex.Tax Code Ann., §§ 33.-41–.54 (1982 & Supp.1986). We will reverse and remand in part and affirm in part.

## THE PLEADINGS AND JUDGMENT BELOW

The District moved for summary judgment based upon the matters set out in its first amended original petition and the motion for summary judgment. The petition recited that the real and personal property in question was "located in San Saba County, Texas," that the taxpayer owned or claimed an interest in the property, and that the 1983 taxes on the property were delinquent in specified sums for each of the properties. Two tracts of real property were described in the petition by reference to the acreage each contained, a survey name and number, an abstract number, and the volume and page of various entries in the Deed Records of San Saba County, Texas. Four categories of personal property were described as follows, accompanied by an allegation of the 1983 tax that was delinquent:

| | |
|---|---|
| Personal property consisting of Furniture and Fixtures | $ 234.58 |
| Personal property consisting of Inventory | $ 8,838.82 |
| Personal property consisting of Equipment | $17,168.77 |
| Personal Property consisting of Vehicles | $ 2,169.61 |

In its petition, the District prayed for judgment establishing its debt for taxes, penalties, interest, and costs. With respect to the real property, the District prayed as well for foreclosure of its tax lien. With respect to the personal property, the District prayed "for personal judgment against said Defendants [sic] owning any personal property described above at the time same was assessed for taxation...."

In response to the District's allegations, the taxpayer interposed in its original answer several matters in addition to a gener-

al denial. We considered these other matters in an earlier appeal and decided them adversely to the taxpayer. *Texas Architectural Aggregate v. Adams*, 690 S.W.2d 640 (Tex.App.1985, no writ).

The District's motion for summary judgment prayed for judgment on the grounds that there existed no genuine issue of material fact and that the issues of law dispositive to the case had been determined in the District's favor by the earlier judgment of this Court. Attached to the motion was the affidavit of the District's chief appraiser, with exhibits, establishing *prima facie* the delinquent taxes claimed against the taxpayer. No matters pertaining to the present appeal were raised by the taxpayer in response to the District's motion for summary judgment.

After hearing, the trial court rendered summary judgment as requested by the District, establishing the delinquent tax debts as alleged by the District and ordering foreclosure of the District's lien against the real property. The judgment omits to "incorporate a finding of the market value of the property on the date of trial ..." as required by § 33.50(a) of the Tax Code. Appellant attacks the judgment on this ground and on the additional ground that summary judgment was precluded in view of the generality of the personal-property descriptions set forth in the District's first amended original petition.

### OMISSION FROM THE JUDGMENT OF A FINDING OF MARKET VALUE

The omission from the judgment of a finding of market value, as required by § 33.50(a) of the Tax Code, bears solely upon the District's judgment debt for real property taxes, for the District requested foreclosure of its tax lien with respect to such property alone. That section of the Code provides:

(a) In a suit for foreclosure of a tax lien on property, the court shall determine the market value of the property on the date of trial. The appraised value of the property according to the most recent appraisal roll approved by the appraisal review board is presumed to be its mar-

ket value on the date of trial, and the person being sued has the burden of establishing that the market value of the property differs from that appraised value. The court shall incorporate a finding of the market value of the property on the date of trial....

(b) If the judgment in a suit to collect a delinquent tax is for the foreclosure of a tax lien on property, the order of sale shall specify that the property may not be sold to a person owning an interest in the property or to any party to the suit, other than a taxing unit, for less than the market value of the property stated in the judgment or the aggregate amount of the judgments against the property, whichever is less.

In *Burson v. City of Silverton*, 138 S.W.2d 921 (Tex.Civ.App.1940, writ dism'd judgmt cor.), the court held that the statutory requirement (contained in a predecessor statute) did not require reversal of the trial-court judgment where the taxpayer did not request that the judgment include a finding of the market value of the property. The District here urges the same result, pointing to the duty placed upon the taxpayer to establish the market value of the property if he contends it differs from the appraised value. The District argues as well that the omission is harmless error because "[t]he adjudged value finding has no relationship at all to the issue of the existence of liability for the taxes or the amount of liability." On its part, the taxpayer contends that the finding is vital to the exercise of its privilege "to purchase the property at the tax sale for either the market value of the property or the aggregate amount of the judgment against the property whichever is less." We believe each of these reasons to be an improper basis for the conclusions made to rest thereon.

In our view, the purpose of the required finding of market value is to protect the tax revenue of government and not the taxpayer's privilege of purchasing the land for its market value if it be less than the appraised value. If the finding of market value is not included in the judgment, as required by § 33.50(a), it may not be

included in the order of sale as required by § 33.50(b); and, consequently, the official conducting the sale will not be able to enforce the prohibition against certain persons purchasing the property for an amount less than the aggregate amount of the judgments against the property. The taxpayer's burden under § 33.50(a) is to establish a market value *different from* the appraised value; it is not a burden to ensure that the judgment includes a finding in the amount of the appraised value in lieu of any other evidence of market value. That remains part of the District's burden on the whole case if it wishes to obtain, as it presumably does, a judgment susceptible of being carried into execution by order of sale in the manner provided by § 33.50(b).

The summary-judgment documents do not reflect the appraised value of the real property in question; consequently, there is no *prima facie* showing of the market value of such property as allowed under § 33.50(a). We may not, therefore, simply modify the judgment to reflect the judgment that should have been rendered below. We therefore reverse that part of the judgment below that orders foreclosure of the District's lien against the real property, remanding the cause to that court for a determination of the market value of the property as required by § 33.50(a), and its inclusion in a new judgment. We affirm the remainder of the adjudication establishing the amount of the taxpayer's debt. Tex.R.Civ.P.Ann. 166–A(d) (Supp.1986).

## GENERALITY OF THE PERSONAL–PROPERTY DESCRIPTIONS IN THE PETITION

■ The taxpayer contends the generality of the personal-property description, averred in the District's petition, precluded the rendition of summary judgment, citing *Corporate Funding, Inc. v. City of Houston*, 686 S.W.2d 630 (Tex.App.1984, writ ref'd n.r.e.). The description in issue in that case was a general description of equipment—"leased eqpt. various locations, one being 198 Post Oak"—and "similar" descriptions according to the court's opinion. *Id.* at 631. The court acknowledged that § 33.43(c) of the Tax Code permits

personal property to be described generally in suits for delinquent ad valorem taxes, but summary judgment was precluded in the case before the court because "the particular method of description used here, in itself, raises an ambiguity and a fact issue as to what property has been taxed." The court elaborated:

> Even the general type of equipment is not given, and the notation that the situs of the property is at various unspecified locations (even though one of the locations is specified), adds to the uncertainty.

*Id.* We view the matter differently.

Section 33.43 of the Property Tax Code provides:

> (a) A petition initiating a suit to collect a delinquent property tax is sufficient if it alleges that:
>
> [Certain required elements of the petition are set forth.]
>
> \* \* \* \* \* \* .
>
> (c) If the suit is for personal judgment against the person who owned personal property on January 1 of the year for which the tax was imposed on the property, the personal property may be described generally.
>
> \* \* \* \* \* \*

Nothing in the statute suggests an intention to *require any* degree of specificity in the description of personal property when foreclosure is not requested with regard to such property. Rather, § 33.43(c) *permits* personal property to be "described generally" in such cases. In other words, under § 33.43 a petition in a suit for delinquent ad valorem taxes is "sufficient", in the words of the statute, if it contains *other* required elements, but these required elements do *not* include specificity in the description of personal property when no foreclosure is requested thereon. The elements required for a "sufficient" petition, under § 33.43, are not in controversy in the present case.

In *City of Corpus Christi v. Sudduth*, 475 S.W.2d 720 (Tex.1972), the Supreme Court of Texas construed a predecessor

statute to § 33.43 of the Tax Code. The predecessor statute provided that a petition in suits of this kind shall be sufficient if it describes

> personal property in such general terms as money, notes, bonds, stocks, credits, stocks of goods, wares, merchandise, fixtures, tools, machinery, equipment, automobiles, household and kitchen furniture and fixtures, beds, dressers, rugs, stoves, heaters, refrigerators, tables, pianos, radios, pictures, trunks, linens, kitchen utensils, dishes, silverware, jewelry, or any other appropriate general description, and no other or more particular description or designation shall be required as a prerequisite to a suit to obtain a personal judgment for taxes due upon personal property so described.

Tex.Rev.Civ.Stat.Ann. art. 7328.1, § 2 (repealed). The Court held sufficient, *even against special exception,* the taxing unit's description of personal property by category: "Personal Property: Furniture and Fixtures, Office Equipment, and Law Books at 621 Wilson Building, Corpus Christi, Nueces County, Texas." 475 S.W.2d at 721.

Section 33.43(c) was, of course, shortened considerably by deleting the numerous categories listed as examples in the statute from which it was derived. The new statute provides simply that "the personal property may be described generally." We need not here consider whether the change now permits a special exception, for none was levelled at the descriptions in the present case. Presumably then, the taxpayer considered itself sufficiently informed of the nature of this part of the District's claim. The District's petition was "sufficient" *to support the judgment* because nothing in § 33.43 of the Code required *any* degree of specificity in order to make the petition sufficient for that purpose.

■ If, however, the District's description *was* defective for *any* reason of form or substance, owing to the absence of a more particular description of the personal property taxed, any complaint in that regard was waived by the taxpayer's failure to raise the matter by special exception or by response to the District's motion for summary judgment. Tex.R.Civ.P. 90 and 166–A (Supp.1986); *Westchester Fire Insurance Company v. Alvarez,* 576 S.W.2d 771 (Tex.1978) (applying Rule 90 by analogy to the requirement in Rule 166–A that motions for summary judgment must "state the specific grounds therefor.")

We therefore affirm that part of the trial-court judgment establishing the taxpayer's debt for delinquent taxes on personal property.

### ATTORNEY'S FEES

The taxpayer complains on appeal of the trial court's award of attorney's fees in its judgment against the taxpayer. The parties agreed in oral argument that the judgment does not make such an award, and we find in the judgment no language to suggest that such an award was made. For these reasons, we hold the judgment does not have that effect. We make this holding in response to the taxpayer's point of error wherein it complains the judgment text might permit a contrary interpretation.

We reverse that part of the judgment directing foreclosure of the District's lien against the taxpayer's real property, and remand that portion of the cause to the trial court for a determination of the market value of that property and its inclusion in the judgment. We affirm the remainder of the judgment.