**G.O. CASTILLO, Attorney, Appellant,**

v.

**STATE of Texas, County of Bexar, et al, Appellees.**

No. 4–86–00453–CV.

Court of Appeals of Texas, San Antonio.

Feb. 27, 1987.

Rehearing Denied June 26, 1987.

John D. Wennermark, San Antonio, for appellant.

Mark Bindock, San Antonio, for appellees.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

DIAL, Justice

This is an appeal by writ of error from a post-answer default judgment. Appellees, the San Antonio Independent School District and the State of Texas, Bexar County, brought suit against appellant, G.O. Castillo, to collect delinquent ad valorem property taxes. The City of San Antonio intervened in the suit, asserting its claim for taxes on the same property. Appellant answered, but failed to appear for trial. Judgment was entered against him.

Appellant brings two points of error. In his first point, appellant complains that he has been prevented from obtaining a complete statement of facts because no record of the testimony was made at the hearing. Appellant asserts that he exercised due diligence in attempting to obtain a record of the hearing by requesting a transcript from the District Clerk. In his brief he recites that an affidavit was obtained from the official court reporter of the district court stating that no record had been made or testimony taken in the instant case. We find no such affidavit in the transcript before us.

TEX.R.APP.P. 50(d) places the burden on the appellant to see that a sufficient record is presented to show error requiring reversal. A mere statement by appellant in his brief that no record was made is insufficient proof of same, absent an affidavit or other evidence included in the transcript before us. The final judgment recites that "the Court proceeded to hear and consider the pleadings, the evidence and argument of counsel...." Without more than appellant has presented, we are unable to conclude that no record was made, and we are bound by the recitation in the judgment. Nor is there any showing in the transcript that appellant complied with TEX.R.APP.P. 53(a). This rule requires appellant to make a written request to the official reporter designating the portion of the evidence and oth-

er proceedings to be included in the statement of facts on appeal and file a copy of the request with the clerk of the trial court. Point of error one is overruled.

In his second point of error, appellant argues that the delinquent tax statement, Exhibit "A" in plaintiff's original petition, is insufficient to support the judgment because the description of the property is insufficient to identify it under TEX.TAX CODE ANN. § 25.02(a) (Vernon 1982). Appellant argues that the description contained in Exhibit "A", the abbreviations "FURN FIXT EQPT," does not give sufficient notice to appellant of which property is delinquent. He cites *Houston Crane Rentals, Inc. v. City of Houston*, 454 S.W.2d 216 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.), for the proposition that abbreviations, with nothing more, are insufficient. In that case the court held that any deficiency in the description "MACH EQPT AUTO" was cured by the affidavit of the city's office manager which fully described the machinery, equipment and automobile owned and maintained by appellant in Harris County for each taxable year. The court found that using contractions of words in describing property was permissible and that where commonly recognized abbreviations are not used, evidence as to identity might be required. *Id.* at 221, citing *Stone v. City of Dallas*, 244 S.W.2d 937 (Tex.Civ.App.—Dallas 1951, writ dism'd). Appellant argues that because nothing else was attached to Exhibit "A," the description is insufficient.

■ Examination of the petition reveals that Exhibit "A" contains the following language describing the property:

All the money, notes, bonds, stocks, credits, stock of goods, wares, merchandise, supplies, fixtures, tools, machinery, equipment, automobiles, trucks, and/or other motor vehicles, aircraft, vessels, furniture, furnishings, and supplies used in the conduct of business, including all personal property described below ...

Appellant's name and address and the abbreviations "FURN FIXT EQPT" follow. We find that this description is in substantial conformity with the requirements of TEX.TAX CODE ANN. § 33.43(c) (Vernon 1982), which allows a general description of personal property in the petition. *See City of Corpus Christi v. Sudduth*, 475 S.W.2d 720 (Tex.1972).

Appellant argues that the description is still insufficient because the plaintiff must offer evidence and prove his case in a post-answer default judgment case; judgment cannot be entered on the pleadings. *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979). He argues that insufficient description of the property in the supporting evidence for the post-answer default judgment is error.

■ Examination of the transcript reveals that attached to the final judgment are certified copies of the current tax rolls of Bexar County and the City of San Antonio reciting the taxes, penalties, and interest due. The property is described as "FURN FIXT EQPT" at the address listed. We think this is sufficient. The description is made certain by limiting it to a specific location. *See Corporate Funding, Inc. v. City of Houston*, 686 S.W.2d 630, 632 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.). Moreover, it has been held that by introducing into evidence delinquent tax rolls, a taxing entity makes out a prima facie case for a tax claim and is entitled to judgment in the absence of any proven defense in opposition thereto. *Duval County Ranch Co. v. State*, 587 S.W.2d 436 (Tex.Civ.App. —San Antonio 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1980).

■ We note that no certified copy of the San Antonio Independent School District tax rolls is attached to the judgment. However, because appellant has failed to present proof that no statement of facts was made, we are bound by the recital in the judgment that evidence was presented which supported the trial court's action.

The judgment is affirmed.