**Don DARLEY, Appellant,**

v.

**TEXAS UVATAN, INC., Appellee.**

**No. 05–87–00281–CV.**

Court of Appeals of Texas, Dallas.

May 31, 1988.

Rehearing Denied July 7, 1988.

Keith E. Jagmin, Dallas, for appellant.

Elizabeth F. Zaby, Dallas, for appellee.

Before WHITHAM, ROWE and
BAKER, JJ.

ROWE, Justice.

Don Darley (Darley) appeals from a trial court judgment directing him to pay actual damages, exemplary damages, prejudgment and postjudgment interest, and court costs to Texas Uvatan, Inc. (Uvatan). In a nonjury trial, the trial court found that Darley had converted tanning equipment belonging to Uvatan. Darley asserts in one point of error that he is entitled to a new trial under TEX.R.APP.P. 50(e)[1] because the statement of facts from the second day of the trial has been lost. We affirm the trial court's judgment.

This suit was tried under a pilot program established by the January 8, 1986, order of the Texas Supreme Court allowing certain Dallas district courts to tape record proceedings in lieu of the traditional court stenographer.[2] Appellant's record on appeal with respect to the statement of facts is made up of the trial court's log, a certification by the trial judge describing the tapes actually delivered, a partial statement of facts, and an affidavit of Darley's attorney.

The trial court's log shows that trial proceedings were held on November 24 and 25 of 1986. The tapes delivered to Darley, as certified by the trial judge (who in this case may have been the person acting as the "official" court reporter) were identified as that portion of the trial which occurred on November 24 and certain pretrial matters occurring earlier on November 21.

The affidavit of Darley's attorney on appeal asserts that in order to obtain a statement of facts, he met with the audio librarian and "[a]t that time, I paid, by check, $30.00 for copies of the audio, cassette tapes of the proceedings in the above described matter." When the delivered tapes were transcribed and it was discovered that certain testimony given at the end of the trial was missing, Darley's attorney affirms that then "I was advised [by the audio librarian] that I had been provided all

1. All future references to "Rules" will refer to the TEX.R.APP.P.

2. Paragraph 11 of this order provides that all rules governing procedure in civil actions shall continue to apply except to the extent inconsistent with the order. Nothing in the order renders ineffective the provisions of Rule 50 or Rule 53 later discussed.

of the tapes of the proceedings herein." The affidavit fails to show, however, that a particular follow-up request was made at that time for the last tapes recorded on November 25. This omission is significant because of a subsequent affidavit from the audio librarian stating that these tapes are still in his possession.

▇ It is incumbent upon Darley to provide this Court with a record which supports his claim for relief. Rule 50(d). At best, Darley's affidavit shows only a frustrated attempt to obtain tapes of the proceedings from an audio librarian who is not shown to have been the "official" court reporter, i.e., that person directly responsible for making a full record of the trial proceedings in question. We note especially that Darley's affidavit does not show definitively what kind of request he placed for the missing portion of the evidence.

In this case Darley seeks relief under Rule 50(e) which provides:

*Lost or Destroyed Record.* When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on the statement of facts.

As above demonstrated, it is not clearly established in the record before us whether any part of the statement of facts is lost or destroyed. We do not reach that ultimate fact issue, however, since we find that Darley has failed to meet the prerequisite burden of showing that he properly requested the alleged lost portion.

Rule 50(e) requires that a party seeking relief by way of a new trial because of a lost or destroyed record must first have "made a timely request for the statement of facts." The request which must be made is described in Rule 53(a). That rule provides:

*Appellant's Request.* The appellant, at or before the time prescribed for perfecting the appeal, shall make a *written* request *to the official reporter* designating *the portion of the evidence* and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another served on the appellee. (Our emphasis)

Rule 53(a) is important to this case in three ways. First, the Rule requires a *written* request, which Darley admitted in oral argument was never made and is not a part of our record on appeal. Thus, Darley has failed to meet the Rule's first prerequisite. Second, the Rule makes implicit the notion that an appellant may request only portions of the statement of facts. This being the case, there would be no reason for relief under Rule 50(e) if the alleged lost or destroyed portion of the statement of facts were not part of the requested record. Darley has failed to meet this prerequisite of the Rule by not showing that he explicitly designated for inclusion in the statement of facts the November 25 tapes he now maintains are missing. Third, the Rule specifies that the official reporter is the person to whom the designated request is to be made. The audio librarian to whom Daley's attorney spoke had not been qualified as being this person.

For the above stated reasons, Darley has failed to meet his burden of providing a record on appeal that entitles him to a new trial. He has not demonstrated that it is not possible for him to obtain some portion of the statement of facts which he properly requested. *See Castillo v. State*, 733 S.W. 2d 560, 561–562 (Tex.App.—San Antonio 1987, no pet.).

Darley's only point of error is overruled, and the trial court's judgment is affirmed.

## OPINION ON MOTION FOR REHEARING

▇ Our original opinion holds that none of the provisions of Rule 53 are rendered ineffective by the January 8, 1986 order of the Texas Supreme Court pertaining to tape recorded proceedings. In his motion for rehearing, Darley questions the correct-

ness of our holding on this point. Darley contends that Paragraph 4 of the order directly conflicts with subsection (a) of this rule and cancels its effectiveness because of the exception appearing in Paragraph 11 of the order. Paragraph 11 of the order provides that all rules governing procedure in civil actions shall continue to apply *except to the extent inconsistent with the order.* According to Darley, Paragraph 4 mandates, in pertinent part, that the court reporter shall file the statement of facts with the court of appeals. Darley argues that by placing this duty on the court reporter when trial proceedings are tape recorded, the Supreme Court relieved appellants from the request obligation of Rule 53(a). Our opinion denied relief to Darley because of his failure to meet this Rule 53(a) obligation.

We disagree with Darley's present contention. The obligation of the court reporter to file the statement of facts is not inconsistent with the fallback duty of the appellant to supervise and police the court reporter's compliance. A comparable situation exists with respect to the transcript. While the clerk has the duty of preparing the transcript and filing it with the court of appeals, the appellant is burdened with the obligation of ascertaining that it is prepared and filed in a form sufficient to present to the appellate court those errors sought to be reviewed. *See* Rules 50(d) and 51(b). Similarly, with respect to the statement of facts in appeals such as this, the responsibilities of the court reporter and the appellant are joint, not different. *See* Rule 53(k). Accordingly, Darley's motion for rehearing is overruled.